Argued May 24, affirmed July 16, petition for rehearing denied
August 23, petition for review allowed November 20, 1973

# STATE OF OREGON, *Appellant, v.*
# JOHN RICHARD LEVERICH, *Respondent.*

511 P2d 1265

*Thomas H. Denney,* Assistant Attorney General, Salem,.argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*Stephen S. Walker,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

SCHWAB, C. J.

On September 13, 1972: (a) defendant was involved in an automobile accident; (b) an investigating officer issued defendant a traffic citation for reckless driving in violation of ORS 483.992 (1),[1] a misde-

---

[1] ORS 483.992 (1) provides:

"(1) Any person who drives any vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the

meanor; (c) the officer filed a copy of the citation in district court pursuant to ORS 484.180 (1);[2] and (d) a passenger riding in one of the other vehicles involved in the accident died at the hospital. On October 25, 1972, defendant was indicted for negligent homicide in violation of ORS 163.145,[3] a felony, based on the events that had occurred on September 13. On January 12, 1973, defendant appeared in district court on the reckless driving charge. The district attorney and defense counsel presented a joint stipulation that "the State had sufficient evidence that, if believed by the Court would, without presentation by the defendant, warrant a finding by the Court that the defendant was Guilty of the [reckless driving] charge." Based on this stipulation, the district court found defendant guilty as charged. On January 18, 1973, defendant moved in circuit court to dismiss the negligent homicide indictment on the grounds of double jeopardy. The circuit court granted defendant's motion. The state appeals.

rights or safety of others is guilty of reckless driving and shall be punished:

"(a) Upon conviction, by imprisonment in the county or municipal jail for not more than 90 days, or by a fine of not more than $500, or both.

"(b) Upon a second or subsequent conviction, by imprisonment for not more than six months, or by a fine of not more than $2,000, or both."

[2] ORS 484.180 (1) provides:

"An officer issuing the citation shall cause the summons to be delivered to the person cited and shall cause the complaint and abstract of court record to be delivered to the court. When the complaint is certified by a private person the court shall cause the summons to be delivered to the defendant."

[3] ORS 163.145 provides:

"(1) A person commits the crime of criminally negligent homicide when, with criminal negligence, he causes the death of another person.

"(2) Criminally negligent homicide is a Class C felony."

■ Interpreting the double jeopardy provision of the Oregon Constitution, *State, v. Brown,* 262 Or 442, 457-58, 497 P2d 1191 (1972), holds that:

"* * * [U]nder Article I, Section 12, of our constitution, a second prosecution is for the 'same offense' and is prohibited if (1) the charges arise out of the same act or transaction, and (2) the charges could have been tried in the same court, and (3) the prosecutor knew or reasonably should have known of the facts relevant to the second charge at the time of the original prosecution."

Based on these criteria, the circuit court's decision must be affirmed.

The reckless driving charge and the negligent homicide charge arose from the same act or transaction. *See, State v. Sanchez,* 14 Or App 234, 511 P2d 1231, Sup Ct *review denied* (1973), and *State v. Rook,* 14 Or App 211, 511 P2d 1245, Sup Ct *review denied* (1973). Both were based on the act of operating a motor vehicle in a certain manner. These two charges arising from a single act are indistinguishable from the *Brown* facts, that is, the act of carrying a concealed pistol simultaneously constituting the misdemeanor of carrying a concealed weapon and the felony of being a convicted person in possession of a firearm.

Whether the two charges in this case could have been tried in the same court requires more extensive consideration. In support of its conclusion in *Brown* that the two charges in that case could have been tried in the same court, the Supreme Court cited only ORS 46.040. That statute provides:

"Except as is otherwise provided in ORS 3.150 and 131.250, district courts shall have the same criminal and quasi-criminal jurisdiction as justices' courts, and shall have concurrent jurisdiction with the circuit courts of all misdemeanors committed

or triable in their respective counties where the punishment prescribed does not exceed one year's imprisonment in the county jail or a fine of $3,000, or both such fine and imprisonment."

Since the felony charge involved in *Brown* had to be tried in circuit court, we gather the citation to ORS 46.040 means that the proper procedure to be followed in such a case is to join the felony charge and the misdemeanor charge in the same proceeding in circuit court.

That procedure could have initially been used in this case. ORS 484.030 (1) provides:

"A circuit or district court has concurrent jurisdiction of all state traffic offenses, except that the circuit court has exclusive jurisdiction of the trial of criminally negligent homicide and of felonies."

The definition of "state traffic offense" in ORS 484.010 (9) includes reckless driving in violation of ORS 483.992 (1). Thus, the reckless driving charge and negligent homicide charge involved in this case could have been, as an abstract proposition, initiated by way of a single proceeding in circuit court.

But this abstract proposition does not conform to the realities of traffic offense procedures. *See,* ORS ch 484. A traffic citation issued by a police officer is in form and fact a criminal complaint, ORS 484.150 (2)(a), which is filed by the officer in court, ORS 484.180 (1), the filing of the complaint constituting the commencement of a criminal action, ORS 156.020, 156.610. Nothing in ORS ch 484 contemplates that police officers will clear all traffic charges through the district attorney's office before filing them in court.

■ Thus, we come to the question of whether "could

have been tried in the same court" as that criteria is used in *State v. Brown,* supra, means either: (1) that charges must be *initiated* in the same court; or (2) that charges must be, when possible, *consolidated* in a single court, even if initiated in different courts. The circumstances of this case compel adopting the latter view. Otherwise, police officers would have to clear all misdemeanor traffic charges through the district attorney's office to avoid the possibility of felony charges arising from the same act or transaction being barred by the doctrine of *State v. Brown,* supra. *Brown* does not mention this problem, and we cannot assume from silence that the Supreme Court intended such a radical change of the existing traffic offense procedures. Moreover, in *State v. Fair,* 263 Or 383, 390, 502 P2d 1150 (1972), the court stated:

> "* * * The prosecutor's opportunity to join multiple charges in a single proceeding is irrevocably cut off at the beginning of the *first* prosecution arising out of a particular act or transaction. Once the first trial has begun, the prosecutor is powerless to consolidate charges for trial or to resubmit an indictment to the grand jury for the addition of further charges * * *."

We understand this to mean that a prosecutor can and should take all necessary steps to consolidate separate charges made in different courts that could be tried in the same court, and that he may do so at any time before trial begins on any of the pending charges.

■ How could the charges have been consolidated in the circuit court in this case? In order to do so, it would have been necessary at some point to dismiss the reckless driving charge in district court. This in-

troduces another set of problems. ORS 134.160 provides:

"The entry of a nolle prosequi is abolished, and the district attorney cannot discontinue or abandon a prosecution for a crime, except as provided in ORS 134.150."

ORS 134.150 provides:

"The court may * * * upon the application of the district attorney, and in furtherance of justice, order an action, *after indictment,* to be dismissed * * *." (Emphasis supplied.)

If these two statutes, which date back to Deady's Code of 1864, are read literally, it is impossible for a district attorney to move to dismiss a criminal action in district court based on a complaint, as distinguished from an indictment. But even if it was possible for the district attorney to dismiss the reckless driving charge in this case, ORS 134.140 (2) poses another problem:

"An order for the dismissal of a charge or action, as provided in ORS * * * [134.150], is a bar to another prosecution for the same crime if the crime is a misdemeanor * * *."

*See, State v. Mayes,* 245 Or 179, 421 P2d 385 (1966); *State v. Borders,* 9 Or App 385, 496 P2d 243, Sup Ct *review denied* (1972).

*Brown,* by implication, has resolved these problems. As in this case, in *Brown* a misdemeanor charge was brought in district court and a felony charge was brought in circuit court. As stated above, we conclude that the *Brown* court's statement that both those charges "could have been tried in the circuit court," 262 Or at 457-58, means only that both charges could have been consolidated in the circuit court. Of

course, consolidation of the charges against the *Brown* defendant in the circuit court would have necessarily required dismissal of the misdemeanor charge pending in district court. *Brown* implicitly stated such dismissal was possible. Rather than concluding the Supreme Court did not consider the implication of its holding, we conclude *Brown* means that dismissal of a misdemeanor charge in district court in order to consolidate it with a felony charge arising from the same transaction is possible and is no bar to further proceedings on the misdemeanor charge, notwithstanding ORS 134.140 (2), 134.150, 134.160 and *State v. Mayes,* supra.

Therefore, in this case the district attorney could have dismissed the reckless driving charge in district court and consolidated it with the negligent homicide charge in circuit court. It follows that both charges against the defendant in this case "could have been tried in the same court" within the meaning of *Brown.*

The final *Brown* criteria is whether the prosecutor knew or reasonably should have known of the negligent homicide charge while proceeding on the reckless driving charge. The record does not disclose when the prosecutor learned that a death had occurred in the September 13 automobile accident, but obviously it was sometime before the negligent homicide indictment was returned on October 25, which was about two and one-half months before defendant went to trial on the reckless driving charge. We infer from the limited record that the death did not occur until hours after the investigating officer filed the reckless driving complaint in district court; at least, it is most likely the prosecutor did not know of the death when the officer filed the complaint. For purposes of

*Brown,* at what point of time is the prosecutor's knowledge controlling—when the first charge is initiated, or when the first charge goes to trial?

■ We believe *Brown* requires testing the prosecutor's knowledge of other crimes as of when the first charge goes to trial. *See also, State v. Fair, supra,* 263 Or at 390:

> "* * * Once the first trial has begun, the prosecutor is powerless to consolidate charges for trial or to resubmit an indictment to the grand jury for the addition of further charges * * *."

Thus, in *Brown* the felony indictment was returned two days before the misdemeanor trial—conclusively establishing the prosecutor's knowledge of the facts of the felony charge, tried subsequently, at the time of the earlier misdemeanor trial. Likewise, in this case the felony indictment preceded the misdemeanor trial, but here the interval was more than two months. During this time the district attorney, if he wished to take both charges to trial, should have taken steps to consolidate both charges in circuit court, as discussed above. He did not do so; instead, he proceeded to trial on the misdemeanor charge, even doing so by way of participating in a joint stipulation. The prosecutor knew of the attempted subsequent prosecution (negligent homicide) at the time of the *trial* of the earlier prosecution (reckless driving) within the meaning of *Brown.*

Affirmed.