Argued January 8, affirmed June 13, petition for rehearing
denied November 19, 1974

# STATE OF OREGON, *Appellant, v.* JOHN RICHARD LEVERICH, *Respondent.*

### 522 P2d 1390

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General.

*Stephen S. Walker,* Portland, argued the cause and filed a brief for respondent.

McALLISTER, J.

In this case the circuit court allowed defendant's plea of former jeopardy to an indictment charging

negligent homicide in violation of ORS 163.145.[1] The state appealed from the circuit court's judgment dismissing the indictment and the Court of Appeals affirmed[2] on the authority of *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972).

We granted review to determine the applicability of *Brown* to this case.[3]

The following statement of facts (omitting footnotes) is taken from the opinion of the Court of Appeals:

"On September 13, 1972: (a) defendant was involved in an automobile accident; (b) an investigating officer issued defendant a traffic citation for reckless driving in violation of ORS 483.992 (1), a misdemeanor; (c) the officer filed a copy of the citation in district court pursuant to ORS 484.180 (1); and (d) a passenger riding in one of the other vehicles involved in the accident died at the hospital. On October 25, 1972, defendant was indicted for negligent homicide in violation of ORS 163.145, a felony, based on the events that had occurred on September 13. On January 12, 1973, defendant appeared in district court on the reckless driving charge. The district attorney and defense counsel presented a joint stipulation that 'the State had sufficient evidence that, if believed by the Court would,

[1]

"(1) A person commits the crime of criminally negligent homicide when, with criminal negligence, he causes the death of another person.

"(2) Criminally negligent homicide is a Class C felony."

(Unless otherwise indicated, citations to ORS will be to the statutes as they read at the times pertinent to this case.)

[2] State v. Leverich, 14 Or App 222, 511 P2d 1265 (1973).

[3] The procedural problems resulting from the dismissal of a misdemeanor and the effect of such dismissal involved in this case have been obviated by the new Criminal Procedure Code, ORS 135.753–135.757.

without presentation by the defendant, warrant a finding by the Court that the defendant was Guilty of the [reckless driving] charge.' Based on this stipulation, the district court found defendant guilty as charged. On January 18, 1973, defendant moved in circuit court to dismiss the negligent homicide indictment on the grounds of double jeopardy. The circuit court granted defendant's motion. The state appeals." 511 P2d at 1266-1267.

In *Brown* the defendant was charged first in the district court with carrying a concealed pistol, a misdemeanor, and later was indicted for the felony of being a convicted person in possession of a firearm. Both prosecutions were based on the same act. The defendant pled guilty to the misdemeanor charge and we held that prosecution of the felony charge was barred by Article I, Section 12, of the Oregon Constitution, which provides:

"No person shall be put in jeopardy twice for the same offence (sic), nor be compelled in any criminal prosecution to testify against himself."

In the *Brown* opinion we rejected the traditional "same evidence" test for determining what is the "same offense" within the meaning of the constitutional provision and held that where there is more than one violation arising out of the "same act or transaction" ordinarily only one offense is involved.

■ It is obvious that under this test the charges of reckless driving and negligent homicide made against the defendant in this case constitutes but one offense. As the Court of Appeals said:

"* * * Both [charges] were based on the act of operating a motor vehicle in a certain manner. These two charges arising from a single act are indistinguishable from the *Brown* facts, that is, the act of

carrying a concealed pistol simultaneously constituting the misdemeanor of carrying a concealed weapon and the felony of being a convicted person in possession of a firearm." 511 P2d at 1267.

It is now argued, however, that it is impossible to apply the *Brown* holding here because of the following statement in the opinion in that case following a discussion of the necessity in appropriate cases of consolidating criminal charges:

"'* * * We hold, therefore, that under Article I, Section 12, of our constitution, a second prosecution is for the 'same offense' and is prohibited if (1) the charges arise out of the same act or transaction, and (2) the charges could have been tried in the same court, and (3) the prosecutor knew or reasonably should have known of the facts relevant to the second charge at the time of the original prosecution." 262 Or at 457-458.

The ground of the objection is that the second criterion in *Brown,* namely, "if . . . the charges could have been tried in the same court" is absent in the pending case. This is because, in order to consolidate the two prosecutions in the circuit court (where, of course, the felony charge must have been tried) the traffic charge, a misdemeanor, must first be dismissed upon application of the district attorney, for there could not be two prosecutions of the same offense against the same defendant pending at the same time in two different courts.

But ORS 134.160 provided:

"The entry of a nolle prosequi is abolished, and the district attorney cannot discontinue or abandon a prosecution for a crime, except as provided in ORS 134.150."

And ORS 134.150 provided:

"The court may, . . . upon the application of

the district attorney, and in furtherance of justice, order an action, *after indictment,* to be dismissed; . . ." (Emphasis added.)[4]

ORS 134.140 (2) provided:

"An order for the dismissal of a charge or action, as provided in ORS . . . . [134.150], is a bar to another prosecution for the same crime if the crime is a misdemeanor; . . . ."[5]

■ Under 134.160 and 134.150 the prosecution of the reckless driving charge (there having been no indictment) could not have been dismissed on application of the district attorney, and it would not seem that a dismissal for the purpose of consolidating the misdemeanor charge with the felony charge in the circuit court could reasonably be held to be an exception to the statutory prohibition. And even if that charge could have been so dismissed, the order of dismissal would have been a bar to another prosecution for reckless driving. ORS 134.140 (2); *State v. Mayes,* 245 Or 179, 184, 421 P2d 385 (1966).

In *Brown,* as here, the misdemeanor charge was filed in the district court and the felony charge, of course, in the circuit court, and this court said that both these charges "could have been tried in the circuit court." 262 Or at 458. To that statement, in a footnote, we cited former ORS 46.040 and said "The two offenses could have been charged in a single indictment. ORS 132.560 (2)." Id.

■ By that statement we did not intend to be understood as meaning that the charges in the manner in which they were filed "could have been tried in the

---

[4] Now ORS 135.755 (1973).

[5] Now ORS 135.753 (2) (1973). See Oregon Criminal Procedure Code §§ 305, 306, Criminal Law Revision Commission, Final Draft November 1972.

same court", but, rather, that the offenses charged were of such character that they could properly be consolidated. This is indicated by our reference to ORS 132.560 (2). We did not intend to hold that the adventitious circumstance of a procedural statute which prevents such consolidation in the particular case is effective to alter the fundamental principle that crimes committed as parts of the same act or transaction amount to but one offense within the meaning of the constitution.

Certainly, the pending case is on all fours with *Brown*. The central feature of the *Brown* decision is the abandonment of the "same evidence" rule in favor of the "same transaction" rule. While consolidation of criminal prosecutions is expressly approved and, when possible, required for the protection of the accused, *State v. Fair*, 263 Or 383, 389, 502 P2d 1150 (1972), there is no holding or intimation in the opinion that where two violations arise out of the same transaction or act, they cannot be viewed as but one offense within the meaning of the constitution if prosecution of them cannot be consolidated simply because of a procedural obstacle resulting, not from conduct of the accused, but of the law-enforcing authorities. That would mean loss of a valuable constitutional right which would have been preserved had the police and the district attorney acted differently in the beginning, that is, had the defendant been proceeded against by indictment in the misdemeanor case, instead of by complaint or information.

The facts of this case bring it squarely within the *Brown* case. About this there is no dispute. It follows that the judgment under review should be, and is, affirmed.