Argued August 21, affirmed November 4, reconsideration denied
December 4, 1974, petition for review denied January 14, 1975

# STATE OF OREGON, *Respondent, v.* LAWRENCE JOSEPH JOHNSON (No. 40119), *Appellant.*

527 P2d 740

*William L. Lasswell,* Roseburg, and *Frederick H. Starkweather, Jr.,* Gold Beach, argued the cause and filed the brief for appellant.

*Doyle L. Schiffman,* District Attorney, Roseburg, argued the cause for respondent. With him on the brief was Brian R. Barnes, Deputy District Attorney, Roseburg.

Before Schwab, Chief Judge, and Fort and Tanzer, Judges.

TANZER, J.

Defendant appeals from his conviction of negligent homicide. He raises nine assignments of error.

■ Defendant first assigns as error the trial court's denial of his demurrer to Counts I and II of the indictment.[1] He contends that the allegation contained

---

[1] Count I of the indictment states:

"The said LAWRENCE JOSEPH JOHNSON on or about the 5th day of May, 1973, in the said County of Douglas and State of Oregon, then and there being, and then and there being the driver of a certain motor vehicle, to-wit: a 1971 Chevrolet Che-

in specification (1) of both Count I and Count II that defendant was driving "while under the influence of intoxicating liquor, and while in a tired and sleepy condition" was confusing and misleading and that, therefore, the indictment did not comply with ORS 132.520(2) and 132.540(1)(f), both of which have been

velle, bearing Oregon License No. FEK 379, and while driving the same in a generally southerly direction over and along Interstate 5, near the Riddle Interchange, a public highway in said county and state, did then and there wilfully, unlawfully and feloniously drive the said motor vehicle in a criminally negligent manner, to-wit:

"(1) by then and there operating the said motor vehicle on said public highway while under the influence of intoxicating liquor, and while in a tired and sleepy condition; and

"(2) by operating the said motor vehicle at an unreasonable and excessive speed, to-wit: in excess of 70 m.p.h. in a posted 70 m.p.h. zone, and at such a speed that defendant was unable to stop for and yield to other vehicles lawfully using said highway; and

"(3) by attempting to pass to the left of another motor vehicle without allowing a safe distance in between; and

"(4) by following too close behind another vehicle; and

"(5) by failing to keep a proper lookout for other traffic using the highway; and

"(6) by failing to exercise reasonable control of the motor vehicle which he was operating so as to avoid colliding with another vehicle regardless of such vehicle's position on the highway; and

the criminally negligent driving of said defendant as aforesaid proximately causing the said motor vehicle to collide with another motor vehicle, to-wit: a 1967 Datsun station wagon, bearing Washington License No. OMY 219, then and there being driven by one Donovan Bruce McIntire, which said collision caused by defendant's criminal negligence did cause injuries to be inflicted upon the person and body of one Lisa Ann McIntire, a human being, a passenger in the vehicle driven by Donovan Bruce McIntire, which said injuries proximately caused the death of the said Lisa Ann McIntire on the 5th day of May, 1973, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

Count II of the indictment is in similar language.

superseded by the present ORS 132.540, regulating the language of indictments.

The indictment was sufficent to state a crime under ORS 163.145, *State v. Montieth,* 247 Or 43, 417 P2d 1012 (1966), *cert den* 386 US 780 (1967), and there could have been no doubt in defendant's mind as to the offense intended to be charged. The language referring to defendant's "tired and sleepy condition" was, at worst, surplusage and could not have been prejudicial. Therefore, the trial court did not err in denying defendant's demurrer. *State v. Glenn,* 245 Or 70, 420 P2d 60 (1966); *State v. Jim/White,* 13 Or App 201, 508 P2d 462, *rev den* (1973).

■ Defendant's second assignment of error is that the trial court improperly denied his motion to dismiss, which was based on a claim that the prosecution for negligent homicide constituted double jeopardy since defendant had previously been charged with driving while under the influence of intoxicating liquor (DUIL). *See State v. Brown,* 262 Or 442, 497 P2d 1191 (1972); *State v. Leverich,* 14 Or App 222, 511 P2d 1265 (1973), *aff'd* 269 Or 45, 522 P2d 1390 (1974). However, jeopardy did not attach since the state secured dismissal of the DUIL charge. The double jeopardy guaranty, therefore, was no bar to trial on negligent homicide. *State v. Stover,* 14 Or App 559, 513 P2d 537 (1973), *rev allowed* (1974).

The third assignment of error regards the trial court's denial of defendant's motion to set aside the indictment. Defendant contends that the indictment was deficient because the only witness whose name was indorsed thereon did not appear before the grand jury. He relies on ORS 132.580 and 135.510 (2) which require such indorsement.

██ We may not look behind an indictment which, like the one at bar, is valid on its face. *State v. Guse,* 237 Or 479, 392 P2d 257 (1964); *State v. McDonald,* 231 Or 24, 48, 361 P2d 1001, 365 P2d 494 (1960), *cert den* 370 US 903 (1962). Any error is remedied by the trial process. Therefore, we hold that defendant's motion to set aside the indictment was properly denied.

█ The fourth assignment states that the trial court erred in its giving of the following instruction:

"* * * There has been some reference in this case to a filing and dismissal of a citation, charging the defendant with driving under the influence of intoxicating liquor. The records in the court file of this case indicate that a driving under the influence citation against the defendant was dismissed by the district attorney on November 14, 1973, because the alleged offense was claimed to be a part of the same act and transaction involved in the case now before the court and the jurors. Oregon law provides that all alleged offenses against the defendant, arising out of the same act and transaction, must be tried in a single proceeding. Therefore, you should disregard the filing and dismissal of the driving under the influence of intoxicating liquor citation determining the truth or lack of truth of specification (1) of the indictment. * * *"

Defendant contends that based on this instruction the jury could have resolved his case solely on the basis of a determination of whether or not defendant was driving under the influence of intoxicating liquor. We disagree.

Defendant implied at trial that dismissal of the DUIL citation was an admission by the state that the substance of the charge had no merit. The court, by its instruction, correctly apprised the jury of the legal consequences of the dismissal. *State v. Leverich,* supra.

Under the circumstances, there was no error in doing so.

Assignments of error five through nine fail to comply with Supreme Court and Court of Appeals Rule of Procedure 6.18[2] in that no rulings of law are set out haec verba and we cannot determine the precise nature of defendant's contentions in regard to those assignments. Upon examination of the record, however, we conclude they have no merit and, therefore, do not discuss them.

Affirmed.

FORT, J., concurring.

With reference to the third assignment of error I would point out by way of further explanation only that the trial court stated:

> "Now, as I understand where we are, the facts are that the Grand Jury heard and considered the testimony of the witness listed at the foot of the indictment at one session and thereafter returned an indictment that was superseded by the indictment that is presently outstanding and on which we were to go to trial today; that for one reason or another the Grand Jury at a later date, composed of the same members that heard the testimony of

---

[2] Rules of Procedure (January 1, 1974), Rule No. 6.18 provides in pertinent part:

"In appeals in actions at law, no alleged error of the trial court will be considered on appeal unless regularly assigned as error in the appellant's (or cross-appellant's) opening brief, except that the appellate court may take notice of errors of law apparent on the face of the record.

"Each assignment of error shall be clearly and succinctly stated under a separate and appropriate heading. The assignment of error must be specific and must set out verbatim the pertinent portions of the record. Assignments of error which the court can consider only by searching the record for the proceedings complained of will not be considered."

the witness, had occasion to amend or change the indictment ultimately resulting in the present indictment; that in returning the latest indictment, they did not hear over again the testimony of the witness who had testified before them originally and on which testimony they returned the first indictment, and so, I take it, then, the question really is whether under those circumstances it is incumbent upon the State to produce again before the same Grand Jurors the evidence that they heard originally, and I just assume, but I certainly am not ruling, that the necessity for the further testimony would depend on whether there are facts in the new indictment that the Grand Jury didn't hear when they heard the testimony initially, and if it's a change in form only, without the inclusion in the new indictment of facts about which they heard no testimony, then they would have to hear additional testimony or perhaps rehear the first testimony.

"There's an additional question as to whether you can go behind the indictment itself and whether the presumption of official regularity would be such to carry this matter in any event, but like I say, I am just really inviting argument.

"MR. LASSWELL: That states the issue very clearly.

"*  *  *  *  *

"THE COURT: I am prepared to rule that the law does not require a useless act and unless the evidence before the Grand Jury is to a panel different in its composition than the members of the Grand Jury that heard the testimony initially, that it would be not certainly contemplated by the law that the witness would have to parrot his testimony all over again to the same people that heard it the first time. Absent some showing that the comparison of the two indictments would be that the evidence in the—or before the first Grand Jury was substantially different—had to be substantially different than the evidence before the second Grand

Jury—and this you could see by comparing the two indictments to see if they are all that different—if that doesn't show on its face, then I think the presumption of regularity would apply and the law would not require the reproduction of evidence they have already heard, so the motion is denied."

I agree with the views there expressed.