Argued September 17, affirmed October 14, reconsideration
denied November 13, petition for review allowed
December 10, 1974

## STATE OF OREGON, *Appellant,* v. SHARON KAY BOYD (No. 74-0591), *Respondent.*

527 P2d 128

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and THORNTON and TANZER, Judges.

SCHWAB, C. J.

This case presents the question of whether two criminal charges arose out of the "same act or transaction" within the meaning of the double-jeopardy rule of *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972).

On January 15, 1974 police officers executed a search warrant at defendant's residence. The officers

found a stolen television set and amphetamine tablets. Defendant was arrested at that time.

On January 23, 1974 the grand jury indicted defendant for first-degree theft, ORS 164.055, based on the arresting officers' testimony concerning defendant's possession of the stolen television. On February 1, 1974 the grand jury indicted defendant for criminal activity in drugs, ORS 167.207, based on the arresting officers' testimony concerning defendant's possession of amphetamines. Neither the state nor defendant moved to consolidate these indictments for trial.

On April 23, 1974 defendant was tried on the theft charge. At the prosecution's election, the case was submitted to the jury solely on the theory that defendant committed theft by receiving, i.e., retained and concealed the television set on January 15, the date of the search. Defendant was acquitted on this theft charge.

On May 7, 1974 defendant moved to dismiss the criminal-activity-in-drugs indictment on double jeopardy grounds, i.e., that the acquittal in the theft trial barred further prosecution of the drug charge. The trial court granted the motion and dismissed the drug indictment. The state appeals.

In *State v. Brown,* supra, the Supreme Court held that:

"* * * [U]nder Article I, Section 12, of our constitution, a second prosecution is for the 'same offense' and is prohibited if (1) the charges arise out of the same act or transaction, and (2) the charges could have been tried in the same court.

and (3) the prosecutor knew or reasonably should have known of the facts relevant to the second charge at the time of the original prosecution." 262 Or at 457-58.

It is here conceded that the prosecution knew of both the theft and drugs charges shortly after the January 15 search, and that those charges could have been tried in the same court—the circuit court. The issue is whether the charges arose out of the "same act or transaction."

The Oregon Supreme Court has had three opportunities to elaborate on the same-act-or-transaction aspect of the *Brown* double-jeopardy rule, but has not done so. In *Brown* the court concluded that charges of carrying a concealed weapon and ex-convict in possession of a concealable firearm "were based on a single act—carrying a concealed pistol." 262 Or at 458. In *State v. Fair,* 263 Or 383, 502 P2d 1150 (1972), the court assumed that charges of burglary, i.e., entering a motel room with intent to commit larceny, and larceny in the same motel room "both arose out of the same transaction." 263 Or at 385. *But see, State v. Ayers,* 16 Or App 655, 520 P2d 449, Sup Ct *review denied* (1974). In *State v. Leverich,* 269 Or 45, 522 P2d 1390 (1974), *affirming* 14 Or App 222, 511 P2d 1265 (1973), the court stated it was "obvious that * * * charges of reckless driving and negligent homicide" arose from the same act or transaction. 269 Or at 48.

We have attempted to articulate a standard for what constitutes charges arising out of the same act or transaction. In *State v. Sanchez,* 14 Or App 234, 511 P2d 1231, Sup Ct *review denied* (1973), we noted that the *Brown* decision had cited Oregon's permissive-

joinder statute, ORS 132.560,[2] which refers to "several charges * * * for the same act or transaction." From that we inferred in *Sanchez* that in *Brown* "* * * the Supreme Court intended that what constitutes a criminal transaction for purposes of ORS 132.560 (2) also constitutes a criminal transaction for purposes of the *Brown* rule." 14 Or App at 237. However, it is improbable that the standard we adopted in *Sanchez* remains tenable in light of the Supreme Court's subsequent interpretation of the joinder statute, ORS 132.560, in *State v. Fitzgerald,* 267 Or 266, 516 P2d 1280 (1973). That case involved charges of escape and unauthorized use of a motor vehicle in the course of that escape. In holding the two charges improperly joined, the Supreme Court held, without mentioning *Brown,* that for purposes of ORS 132.560:

"* * * [T]wo charges arise out of the same act or transaction if they are so closely linked in time, place and circumstance that a complete account of one charge cannot be related without relating details of the other charge * * *." *State v. Fitzgerald,* supra, 267 Or at 273.

In sum, Oregon appellate decisions do not specifically enunciate any test to guide us in the determination of whether the charges now before us arose from one act or transaction.

---

[2]
"The indictment must charge but one crime, and in one form only, except that:

"(1) Where the crime may be committed by the use of different means, the indictment may allege the means in the alternative.

"(2) When there are several charges against any person or persons for the same act or transaction, instead of having several indictments, the whole may be joined in one indictment in several counts; and if two or more indictments are found in such cases, the court may order them to be consolidated." ORS 132.560.

Noting the unsettled state of the law in this area and the possible dilemma created by *Brown* and *Fitzgerald,* in *State v. Bishop,* 16 Or App 310, 518 P2d 177 (1974), we described one possible solution:

> "* * * [P]rosecutors * * * [should] obtain separate indictments and then make a timely pretrial motion to consolidate the charges for trial. Such a device would require a defendant to make an election as to whether he wants a single trial or separate trials. Such an election would usually either constitute a waiver of *Brown* rights to a single trial, or waiver of *Fitzgerald* rights to separate trials.

> "Likewise, trial judges would be well advised to resolve doubts in favor of the defendant's position in such a situation." 16 Or App at 314.

Had the prosecution followed this course and moved to consolidate the theft and drug charges involved in this case, in all likelihood defendant would have elected to have separate trials and the *Brown* double-jeopardy issue now before us would be moot. *Cf., State v. Rook,* 14 Or App 211, 511 P2d 1245, Sup Ct *review denied* (1973).

In the case at bar that issue, however, is not moot and must be resolved, notwithstanding the limited guidance available to determine what constitutes a single act or transaction.

■ The state first contends a "single act or transaction" for *Brown* purposes should be equated with a single "criminal episode" as defined by ORS 131.-505 (4):

> " 'Criminal episode' means continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a single criminal objective."

The state supports this contention by relying on the fact that the *Brown* decision referred to this part of the new code of criminal procedure while it was still in draft form.

We find this suggestion unpersuasive for two reasons. First, the court's mention of this (at that time proposed) statute was in the course of discussing the notion that many compulsory joinder problems called for legislative solution. That discussion concluded: "* * * We are concerned, however, with the minimum protection which our constitution requires * * *." 262 Or at 457. We interpret this to mean that the Supreme Court intended the same-act-or-transaction standard to be a constitutional minimum, but noted the statutory criminal-episode standard as a broader one, or at least a different one.

■ Second, if "same act or transaction" were equated with "criminal episode," ORS 131.505 (4), how could it be said that on the *Leverich* facts the crimes of drunk driving and negligent homicide must be tried together? It is impossible to perceive how those crimes are "directed to the accomplishment of a single criminal objective," or for that matter, any criminal objective. *Leverich* compels the conclusion that "same act or transaction" does not mean exactly the same thing as "criminal episode."

■ The state alternatively argues that for the crimes to arise from the same act or transaction there must be some overlap between the crimes, some fact that is an element of more than one crime. To illustrate, in *Brown* the fact of possession of a gun was an element of both crimes involved, in *Fair* the fact of taking a television set tended to prove both burglary and larceny, and in *Leverich* drunk driving was a crime

in itself and one element of the negligent homicide charge. While some overlap between the elements of the crimes involved might be the strongest case for concluding there is a single act or transaction, we cannot read *Brown* as holding such overlap is an essential predicate for finding a single act or transaction. Were *Brown* thus limited, it would be possible, for example, to separately try a defendant for armed robbery and assault committed a minute later and a block away while the defendant was fleeing from the scene of the robbery. We do not believe *Brown* intended it be possible to have two trials in such a situation. *Cf., State v. Johnson,* 17 Or App 296, 521 P2d 1316 (1974).

Defendant's argument relies primarily on the close link in time, place and circumstances between the crimes charged, citing cases that suggest such a connection indicates a single act or transaction. *See, State v. Huennekens,* 245 Or 150, 420 P2d 384 (1966) ; *State v. McDonald,* 231 Or 48, 365 P2d 494, *cert denied* 370 US 903 (1962).

The time and place could not have been more closely linked. Defendant was charged with theft, which under the new statutes is a continuing offense committed from the time when somebody comes into possession of stolen property, either by taking it or by receiving it from another, until, in the usual case, he is caught. However, it was stipulated in the case at bar that when defendant was tried on the theft charge the prosecution elected to have the jury instructed solely on a theft-by-receiving theory, i.e., that defendant committed theft by being in unlawful possession of the television in her residence on the day of the search, January 15, 1974. Likewise, criminal activity

in drugs in the form of illegal possession is a continuing offense. However, it is clear from the indictment and limited record in this case that the state intends to prove the drug charge by showing defendant's possession of amphetamines in her residence on the day of the search, January 15, 1974. The two charges related to conduct at exactly the same time and place. It is true that as the dissent notes both of the crimes here involved are crimes of continuing condition, i.e., possession. We do not find this determinative, because in *Brown* both offenses involved possession, a continuing condition.

It is not completely clear what is meant by closely linked "circumstances" of different crimes. In support of the claimed close link in "circumstances" defendant points out that she was simply found in possession of two different kinds of contraband, stolen property and drugs, and that the gravamen of both charges is unlawful possession.

██ Although we are frankly uncertain about the exact metes and bounds of the concept of a single act or transaction, we find defendant's analysis in this case to be somewhat more persuasive. Defendant is correct in arguing that many Oregon cases, although involving issues other than double jeopardy, have indicated that a connection in time, place and circumstances is one aspect of a single act or transaction. This standard affords some basis, albeit somewhat limited and necessarily subjective, in applying the *Brown* double-jeopardy rule. We conclude there is a sufficiently close link in time, place and circumstances of the charges against defendant to make them a single act or transaction within the *Brown* rule.

Affirmed.

TANZER, J., dissenting.

I share the perplexity of the majority as we attempt to apply *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972), to yet another variant fact situation.

I cannot conclude that the Supreme Court intended the *Brown* doctrine to compel a result as inappropriate to the ends of justice as this. If so, the doctrine is constitutional mischief which should be contained and these facts suggest such action.

As far as one can tell from the indictments, theft of a television set by possession and possession of illegal drugs are not a part of the same act and transaction in this case. They are crimes of continuing condition. Absent an allegation to the contrary, each condition can be separately generated by unrelated acts for unrelated purposes in separate manners. The fact that the continuing conditions overlap on the day alleged in the indictments is significant only in that it allows their simultaneous discovery. The fact that two separate crimes were discovered and terminated by the same police transaction does not convert them into one criminal transaction. The dismissal should be reversed.

I therefore dissent.