Argued September 20, affirmed October 14, reconsideration denied
November 20, petition for review allowed December 17, 1974.

## STATE OF OREGON, *Respondent, v.* KEVIN THOMAS HAMMANG (No. 18321), *Appellant.*

527 P2d 137

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Tanzer, Judges.

SCHWAB, C. J.

This is an appeal from a murder conviction. It presents the question of whether two criminal charges were known or reasonably should have been known to the prosecution within the meaning of the double-jeopardy rule of *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972).

About noon on June 25, 1973, defendant and Richard English stole some handguns from a sporting goods store in Bend. About 8 p.m. or 9 p.m. that same day, English used one of the stolen guns to shoot and

kill Clark Syverson. Defendant was present at the time of the shooting.

Defendant, English and most other witnesses to the homicide fled from the state of Oregon. However, a few weeks later defendant returned to Bend and purported to cooperate with the police in their investigation of Syverson's death. Defendant then admitted stealing the guns.

On August 3, 1973, defendant waived indictment and plead guilty to first-degree theft of the guns from the sporting goods store. On December 21, 1973 the grand jury indicted defendant for aiding and abetting English in the murder of Syverson. ORS 163.115; ORS 161.155.[1] The day trial began, March 13, 1974, defendant filed a motion to dismiss contending that his former theft prosecution was a bar to the instant murder prosecution.[2] The trial court denied the motion.

---

[1]

"A person is criminally liable for the conduct of another person constituting a crime if:

"(1) He is made criminally liable by the statute defining the crime; or

"(2) With the intent to promote or facilitate the commission of the crime he:

"(a) Solicits or commands such other person to commit the crime; or

"(b) Aids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime; or

"(c) Having a legal duty to prevent the commission of the crime fails to make an effort he is legally required to make." ORS 161.155.

[2]

No issue has been raised concerning whether defendant's motion to dismiss on grounds of former jeopardy was timely under ORS 135.470, which, by cross-reference to ORS 135.520, requires such a motion to be made within ten days of arraignment.

Trial was had and a jury found defendant guilty of murder. He appeals.

■ In *State v. Brown,* supra, the Supreme Court held that:

"* * * [U]nder Article I, Section 12, of our constitution, a second prosecution is for the 'same offense' and is prohibited if (1) the charges arise out of the same act or transaction, and (2) the charges could have been tried in the same court, and (3) the prosecutor knew or reasonably should have known of the facts relevant to the second charge at the time of the original prosecution." 262 Or at 457-58.

The parties dispute whether the theft and murder charge arose out of the same act or transaction within the meaning of *Brown.* Although that question is not free from doubt, *see, State v. Boyd,* 19 Or App 216, 527 P2d 128 (1974), we find it unnecessary to resolve it because of our disposition of the other issue presented: whether the prosecutor knew or reasonably should have known of the facts relevant to the murder charge at the time of the theft prosecution.

In *State v. Leverich,* 14 Or App 222, 230, 511 P2d 1265, *aff'd,* 269 Or 45, 522 P2d 1390 (1974), we held that "* * * *Brown* requires testing the prosecutor's knowledge of the other crimes as of when the first charge goes to trial * * *." For present purposes, "goes to trial" means pleads guilty. Thus, our inquiry is directed to whether the prosecution knew or should have known of the facts relevant to the murder charge on August 3, 1973, the date defendant plead guilty to theft.

■ How is this "knowledge" question to be resolved? The other two aspects of the *Brown* formula—same act

or transaction and venue—are obviously questions of law. By contrast, the question of knowledge is one of fact. Being a question of fact initially passed upon by the trial court, it follows that the trial court must, if there is any factual dispute, hold an evidentiary hearing to determine the facts. And once the trial court has determined the factual question of prosecutorial knowledge, its finding should be subject to only limited review in this court under the doctrine of *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968).

In this case, however, during the argument of defendant's motion to dismiss, both the prosecutor and defense counsel, without being sworn as witnesses, made factual representations to the trial court. This procedure obviously cannot always substitute for a full evidentiary hearing to determine the relevant facts. But since no party in the trial court or on appeal has objected to this procedure, and since there is no conflict in the representations of fact made to the trial court, we proceed to the merits on the record made.

■■ Exactly to what extent must a prosecutor have "knowledge" of other crimes within the meaning of the *Brown* rule? Defendant seems to suggest that any knowledge is sufficient to invoke the *Brown* double-jeopardy bar, pointing out that on August 3, 1973 the prosecution knew that defendant had stolen the gun English used to shoot Syverson, and that defendant was present when English committed that act. We think this misses the mark. We hold "actual knowledge" within the *Brown* rule means such that a reasonably prudent prosecutor, given the information he had, should have thought it his duty to charge the additional crime and that a jury verdict of guilty

would be more likely than not. We hold "should have known" within the *Brown* rule means that a reasonably diligent prosecutor would have acquired actual knowledge as we have defined it.

Applying these standards in this case, there is evidence that the prosecution neither knew nor should have known of defendant's participation in English's murder of Syverson as of August 3, 1973. As of that date the prosecution knew defendant: (1) had stolen the murder weapon; (2) was present at the time of the homicide; (3) had, on at least two occasions, lied to the police about various aspects of the murder episode; and (4) had, like English, fled from the murder scene.

In assessing prosecutorial knowledge it is necessary to consider all evidence that was available to the prosecution, both incriminating and exculpatory. In addition to the above incriminating evidence, as of August 3 the prosecution also knew: (1) the primary motive for the murder was revenge for what is referred to in the record as the "Meadow Park incident," but that defendant had not had any connection with it, or even been in the Bend area when it occurred; and (2) after the murder defendant had returned to Bend and appeared to assist the police in their investigation of it.

The totality of these circumstances, although probably meriting further investigation, does not constitute a prosecutable case within the above definition of actual knowledge.

Nor is there any basis for concluding that greater diligence on the prosecution's part would have brought additional evidence to light before August 3. As indi-

cated, most of the witnesses to the murder promptly fled. It was only some time after August 3 that the police located and interviewed two of these witnesses whose testimony indicated for the first time that defendant participated in killing Syverson to the extent necessary to constitute aiding and abetting. *See,* ORS 161.155, n 1, supra. Here, as in *State v. Allen,* 16 Or App 456, 518 P2d 1332, Sup Ct *review denied* (1974), sufficient evidence to prosecute became known "only when the previously unknown witness[es]" were located.

There is ample evidence to support the trial court's implicit finding that the prosecution neither knew nor should have known of defendant's participation in the murder at the time he plead guilty to theft. *Ball v. Gladden,* supra.

Affirmed.