Argued January 15, reversed and remanded February 10,
reconsideration denied April 9, remanded for recon-
sideration by the Court of Appeals April 24, 1975
Former opinion modified May 5, 1975

# STATE OF OREGON (No. 16-842), *Respondent, v.*
# GORDON ROY MATISCHECK, *Appellant.*

531 P2d 737

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C. J.

This appeal presents another double jeopardy

problem under the holding of *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972).

On May 4, 1974, defendant was arrested by a state police officer for driving under the influence of intoxicating liquor (DUIL) in violation of ORS 483.-999(2), and was issued a Uniform Traffic Citation charging him with that offense. Immediately after the arrest the officer searched defendant and seized a vial of tablets in defendant's possession. On May 6, 1974, the district attorney received a laboratory report identifying the pills as amphetamines, and on that date an information was filed charging defendant with criminal activity in drugs in violation of ORS 167.207. The laboratory report received by the district attorney stated that defendant had been charged with DUIL on May 4. On May 8 defendant pleaded guilty to and was sentenced on the DUIL charge. On May 9 defendant was indicted on the drug charge. To this charge he entered a plea of former jeopardy under the *Brown* doctrine. The court denied the plea of former jeopardy, relying on ORS 131.515,[1] which prohibits the prosecution for two or more offenses based upon the same "criminal episode." Thereafter the defendant was found guilty and sentenced on the drug charge, and he appeals from that conviction.

In *State v. Brown,* 262 Or 442, 497 P2d 1191 (1972), the Supreme Court held that Art I, § 12 of the Oregon Constitution prohibits a second prosecution if

"* * * (1) the charges arise out of the same

---

[1] "No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court." ORS 131.515(2).

act or transaction, and (2) the charges could have been tried in the same court, and (3) the prosecutor knew or reasonably should have known the facts relevant to the second charge at the time of the original prosecution." 262 Or at 458.

In the present case the state concedes that both charges could have been tried in the same court. Thus the questions presented are whether the other two requirements of *Brown* are met, namely, (1) were both offenses part of the "same act or transaction," and (2) at the time the defendant pleaded guilty to the DUIL charge, was the prosecutor aware of the fact that the defendant planned to do so and in a position to move for a joinder of both offenses for trial prior to the time the court accepted defendant's guilty plea on the DUIL charge.

■ The fact that the two offenses with which defendant was charged do not constitute part of a single "criminal episode" as that term is defined in ORS 131.505(4) is not determinative:

> " 'Criminal episode' means continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a single criminal objective."

The standard quoted above from *Brown* encompasses "* * * the minimum protection which our Constitution requires * * *." 262 Or at 457. In *State v. Boyd*, 19 Or App 216, 527 P2d 128, Sup Ct *review allowed* (1974), in discussing the "criminal episode" statute and *Brown*, we stated:

> "* * * [T]he Supreme Court intended the same-act-or-transaction standard to be a constitutional minimum, but noted the statutory criminal-episode standard as a broader one, or at least a different one." 19 Or App at 222.

We concluded that

> "* * * 'same act or transaction' does not mean exactly the same thing as 'criminal episode.'" 19 Or App at 222.

■ In *Boyd,* after noting that the Supreme Court has not specified any test to guide in the determination of whether two charges arose from the "same act or transaction" within the meaning of *Brown,* we affirmed the trial court's holding that possession of a stolen television set and illegal possession of amphetamines at the same time and place constituted the same "act or transaction" under *Brown.* In so holding we recognized that the result might well be one not contemplated by the court in enunciating the *Brown* doctrine, and see no purpose in here elaborating further on the problem other than to refer to the analysis of it contained in *Boyd.* Suffice it to say that we cannot find a rational distinction between the *Boyd* facts and the facts here, and we therefore hold that DUIL and possession of drugs at the same time and place constitute a single "act or transaction" under *Brown.*

This holding, however, does not dispose of the matter. The court below heard no evidence and made no finding on the issue of prosecutorial knowledge because it decided that the two offenses were triable separately in any event. In *State v. Leverich,* 14 Or App 222, 511 P2d 1265 (1973), *aff'd* 269 Or 45, 522 P2d 1390 (1974), we held that the proper time to test prosecutorial knowledge was the time when the first charge goes to trial or a guilty plea is entered. In *State v. Hammang,* 19 Or App 265, 527 P2d 137, Sup Ct *review allowed* (1974), we stated:

> "* * * [T]he question of knowledge is one of

fact. Being a question of fact initially passed upon by the trial court, it follows that the trial court must, if there is any factual dispute, hold an evidentiary hearing to determine the facts * * *." 19 Or App at 269.

Clearly the court in *Brown* did not intend that if a defendant could get to the courthouse faster than the prosecution he could thereby automatically eliminate one charge. It follows that prosecutorial knowledge which would bar a second prosecution after a plea of guilty on the first charge has to be knowledge which the prosecutor had or should have had at a time when he was in a position to call the attention of the court to the problem and move for joinder prior to the offer of a guilty plea on the first charge by the defendant and the acceptance of it by the court. Here, viewed from the standpoint most favorable to the defendant, the record discloses that the district attorney had knowledge of the fact that two charges were pending only two days before the entry of the guilty plea on the DUIL charge. The record does not tell us whether the prosecutor was present at the time of the guilty plea or knew that the defendant was going to enter it. The prosecutorial-knowledge requirement of *Brown* is met only if the prosecutor knew that more than one charge was pending and: (1) failed to take steps necessary to join the charges for trial; or (2) received timely notice that the defendant was going to plead guilty to one charge, or was present at the time the plea was offered and stood mute. It is therefore necessary to remand this matter to the circuit court for an evidentiary hearing on these questions.

The judgment of conviction is reversed and this case is remanded for further proceedings consistent

with this opinion. If the court finds that there was prosecutorial knowledge as defined herein, it shall enter an appropriate order dismissing this proceeding. If the court finds that there was not prosecutorial knowledge as defined herein, it shall make an appropriate finding and enter a new judgment of conviction based on said finding and the judgment heretofore entered.

Reversed and remanded.

FORT, J., dissenting.

The majority holds "that DUIL and possession of drugs at the same time and place constitute a single 'act or transaction' under *Brown*" (*State v. Brown,* 262 Or 442, 497 P2d 1191 (1972)). It therefore concludes that, assuming prosecutorial knowledge at the time defendant pleaded guilty to DUIL the day prior to his indictment for criminal activity in drugs, the latter prosecution is barred under the double jeopardy clause.

I do not believe the mere coincidence that defendant was in possession of unlawful drugs at the time he was arrested for DUIL makes the former crime a part of the same "act or transaction" as the DUIL. In *State v. Rook,* 14 Or App 211, 511 P2d 1245, Sup Ct *review denied* (1973), we held that because a man committed three murders in the course of a single burglary, and was prosecuted first for only one, he was not barred by the double jeopardy provision from prosecution for the other two murders. Each killing was a separate "act or transaction."

Recently in *State v. Stover,* 271 Or 132, 531 P2d 258 (1975), our Supreme Court said:

"* * * Thus 'crime' as used in ORS 134.140(2)

is not to be interpreted broadly to include all crimes arising out of the same criminal transaction. It is clear that criminally negligent homicide and driving with .15% or more by weight of alcohol in the blood are separate and distinct crimes for purposes of ORS 134.140(2). * * *" 271 Or at 142.

Accordingly, I respectfully dissent.