Submitted April 29, 2020, vacated and remanded February 24, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CLIFFORD WILLIAM SHAW,
*Defendant-Appellant.*

Lane County Circuit Court
18CR43193; A168553

507 P3d 280

Defendant appeals from a judgment of conviction for felon in possession of a firearm (FIP). He assigns error to the trial court's denial of his motion to dismiss the FIP charge on the ground of double jeopardy, contending that the state's subsequent prosecution of FIP should be barred because the prosecutor knew or reasonably should have known of the facts relevant to the FIP charge at the time of the original prosecution for the possession of controlled substances case. *Held*: The trial court erred in identifying the relevant point in time for assessing prosecutorial knowledge. The operative time for the purpose of analysis was not at the time of the original charging decision, but at the time of trial or plea. Here, it was clear from the record that one day before defendant's guilty plea, police officers, in conjunction with the prosecutor's office, applied for and were granted a search warrant, which was then executed, revealing the two firearms. However, the record did not tell the court who from within the prosecutor's office was present at the time of the guilty plea or who knew that the defendant was going to enter a plea. In light of the holding in *State v. Matischeck*, 20 Or App 332, 336, 531 P2d 737, *modified on recons*, 21 Or App 300, 535 P2d 102 (1975), the court remanded the matter to the circuit court for an evidentiary hearing on that question.

Vacated and remanded.

Charles M. Zennaché, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kali Montague, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher Page, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

JAMES, J.

Vacated and remanded.

**JAMES, J.**

On June 10, 2018, a police officer pulled over defendant while he was driving, then searched his car, finding methamphetamine in the center console and a backpack in the back seat. Inside the backpack, the officer found defendant's mail, clothing, ammunition, and a locked box. The officer lifted the corner of the box and saw what appeared to be the handle of a handgun. The next day the state charged defendant with unlawful possession of methamphetamine.

Roughly two weeks later, the state applied for, and was granted, a warrant to search the locked box and, on that same day, officers executed the warrant, discovering two firearms. The officers lodged defendant in jail on charges of felon in possession of a firearm (FIP), however a formal accusatory instrument had not been filed. The next day, on June 28, defendant pleaded guilty to the original charge of unlawful possession of methamphetamine and was sentenced. Roughly three hours after sentencing, the state charged defendant by way of information with FIP.

Defendant moved to dismiss the new charge on double jeopardy grounds pursuant to Article I, section 12, of the Oregon Constitution and the Fifth Amendment to the United States Constitution, and ORS 131.515.[1] The trial court denied the motion and this appeal followed. We remand for further proceedings.

On appeal, defendant abandons his statutory argument under ORS 131.515 and challenges the trial court's denial of his motion to dismiss on state and federal double jeopardy grounds. Or Const, Art I, § 12; US Const, Amend V. We review the trial court's denial of defendant's motion to dismiss on double jeopardy grounds for errors of law, deferring to its factual findings that are supported by the record. *State v. Worth*, 274 Or App 1, 8, 360 P3d 536 (2015), *rev den*, 359 Or 667 (2016). In this case, we begin with the state constitution in accordance with our normal practice, and, because it is determinative, we do not reach the federal

___

[1] Article I, section 12, provides, in part, that "No person shall be put in jeopardy twice for the same offence." The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides, in part, "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb[.]"

constitution. *State v. Gillespie*, 299 Or App 813, 817, 451 P3d 637 (2019).

We first address the state's argument that this issue is unpreserved. We disagree. According to the state, defendant's argument on appeal is materially different than the argument raised at trial. Having reviewed the record, we conclude that, while defendant's appellate arguments have been refined, they remain fundamentally the same as made at trial.

In *State v. Hitz*, the Oregon Supreme Court stated:

> "We have previously drawn attention to the distinctions between raising an *issue* at trial, identifying a *source* for a claimed position, and making a particular *argument*. *** The first ordinarily is essential, the second less so, the third least. Thus, when a potential constitutional violation is involved, the parties' omission of a dispositive source or argument of ordinary law cannot compel a court to a needless constitutional decision."

307 Or 183, 188, 766 P2d 373 (1988) (emphases in original; internal citation omitted). Here, defendant filed a pretrial motion to dismiss the indictment of FIP, arguing that the state had violated his rights under ORS 131.515 and Article I, section 12. As part of the reasoning, defendant explained that his constitutional right was violated because "[b]oth offenses were known to the prosecutor at the time of the first prosecution for [Unlawful Possession of a Controlled Substance-Methamphetamine]." Defendant raised and preserved the broader legal issue—whether the trial court erred in denying defendant's motion to dismiss on the ground that the prosecutor did not have sufficient knowledge of both offenses at the time of the original prosecution—and identified the constitutional ground of the claimed position. "Under the rationale in *Hitz*, a specific alternate argument regarding that issue can be raised for the first time in this court." *Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997). Accordingly, we conclude the issue is preserved.

Turning to the merits, the double jeopardy provision of Article I, section 12, is designed to further the objective of protecting criminal defendants from the "harassment,

embarrassment and risk of successive prosecutions for the same offense." *State v. Kennedy*, 295 Or 260, 272-73, 666 P2d 1316 (1983); *see also State v. Boyd*, 271 Or 558, 562, 533 P2d 795 (1975) (stating that the purpose of the double jeopardy doctrine is to protect the accused from undue harassment). In *State v. Brown*, the Supreme Court summarized the requirements of a constitutional double jeopardy challenge, which provides that:

> "[A] second prosecution is for the 'same offense' and is prohibited if (1) the charges arise out of the same act or transaction, and (2) the charges could have been tried in the same court, and (3) the prosecutor knew or reasonably should have known of the facts relevant to the second charge at the time of the original prosecution."

262 Or 442, 458, 497 P2d 1191 (1972). On appeal, the state neither contests that the charges could have been tried in the same court, nor that the two charges arise out of the same act or transaction. The only issue on appeal is whether the prosecutor knew or reasonably should have known of the facts relevant to the FIP charge at the time of the original prosecution for the possession of controlled substance case.

The trial court's written order explained that

> "[i]n this case, there was insufficient evidence available at the time [of the first accusatory instrument] to prosecute the defendant for Felon in Possession of a Firearm. Although the officer who conducted the search incident to arrest included in his search warrant affidavit that he has years of experience and training in drug related offenses and included in that experience is the knowledge that people who often distribute drugs often carry firearms for protection. The officer stated he could 'see what appeared to be the handle of a handgun but I could not identify the make, model, or caliber.' While the officer may have recognized what he believed to be a handgun, even from the lifted corner of a case, it was also possible to that the item was not an operable firearm. Therefore, all of these facts taken together by a prosecutor were insufficient evidence on which to indict the defendant on the charge of felon in possession of a firearm."

The trial court erroneously identified the relevant point of time for the analysis. The operative time for

assessing prosecutorial knowledge is not at the point of time of the original charging decision, but at the point of trial or plea. In *State v. Leverich*, we held that for purposes of the *Brown* analysis, the proper time to test prosecutorial knowledge was when the first charge goes to trial, not when the first charge is initiated. 14 Or App 222, 230, 511 P2d 1265 (1973), *aff'd*, 269 Or 45, 522 P2d 1390 (1974); *see also State v. Allen*, 16 Or App 456, 460, 518 P2d 1332, *rev den* (1974) (deciding prosecutorial knowledge at the time defendant pleaded guilty to the driving with a suspended operator's license charge). Subsequently, in *State v. Matischeck*, citing *Leverich,* we held that "the proper time to test prosecutorial knowledge was the time when the first charge goes to trial or *a guilty plea is entered.*" 20 Or App 332, 336, 531 P2d 737, *modified on recons*, 21 Or App 300, 535 P2d 102 (1975) (emphasis added). That conclusion is consistent with our interpretation of the double jeopardy doctrine's statutory counterpart under ORS 131.515(2). *See State v. Lowery*, 95 Or App 583, 586-87, 770 P2d 923 (1989) ("For the purposes of ORS 131.515(2), reasonable knowledge exists if the prosecutor knew or should have known of both offenses when the defendant pleaded guilty to possession of a firearm.").

Here, it is clear from the record that one day *before* defendant's guilty plea, police officers, in conjunction with the prosecutor's office, applied for and were granted a search warrant, which was then executed, revealing the two firearms. We explained in *Matischeck* that:

> "[P]rosecutorial knowledge which would bar a second prosecution after a plea of guilty on the first charge has to be knowledge which the prosecutor had or *should have had* at a time when he was in a position to call the attention of the court to the problem and move for joinder prior to the offer of a guilty plea on the first charge by the defendant and the acceptance of it by the court."

20 Or App at 337 (emphasis added).

Accordingly, at the time of the plea, the prosecutor's *office* knew or should have known of the very real possibility that defendant possessed firearms that would be discovered in the search and that such evidence, if found, would have been in police possession at that point. However, the record

does not tell us who from within the prosecutor's office was present at the time of the guilty plea or who knew that the defendant was going to enter a plea.[2] We explained in *Matischeck* that:

> "Clearly the court in *Brown* did not intend that if a defendant could get to the courthouse faster than the prosecution he could thereby automatically eliminate one charge. It follows that prosecutorial knowledge which would bar a second prosecution after a plea of guilty on the first charge has to be knowledge which the prosecutor had or should have had at a time when he was in a position to call the attention of the court to the problem and move for joinder prior to the offer of a guilty plea on the first charge by the defendant and the acceptance of it by the court."

20 Or App at 337. We therefore remand this matter to the circuit court for an evidentiary hearing on that question. *See State v. Blair*, 361 Or 527, 541-42, 396 P3d 908 (2017) (concluding that appropriate disposition was to vacate and remand where record was not clear on dispositive factual issue and we could not presume court found that fact consistent with its ultimate conclusion because the court applied an incorrect legal standard and, therefore, misunderstood the required factual inquiry).[3] The judgment of conviction is vacated and this case is remanded for further proceedings consistent with this opinion.

    Vacated and remanded.

---

[2] We note that defense counsel stated at one point, "Mr. Tierney, for the State, was present at the time of the change of plea and sentencing. It was taken in front of Judge Rigmaiden right next door." However, the assertion of counsel is not evidence, nor does it represent a finding by the court.

[3] The parties on appeal are silent as to how, if at all, knowledge by law enforcement is attributed to the prosecutor in the context of a double jeopardy challenge under either the state or federal constitution. Accordingly, our disposition in this matter does not foreclose future argument that knowledge attribution as one might find in other constitutional contexts, such as discovery, might apply. *See, e.g.*, *United States v. Avellino*, 136 F3d 249, 255 (2d Cir 1998) ("An individual prosecutor is presumed, however, to have knowledge of all information gathered in connection with his office's investigation of the case and indeed 'has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police.'").