Petition filed October 26; denied November 22, 1949

## CITY OF SALEM *v.* READ

211 P. 2d 481

*Robin D. Day, Allan G. Carson* and *Bryan Goodenough*, of Salem, for the petition.

*Chris J. Kowitz*, of Salem, contra.

Before Lusk, Chief Justice, and Brand, Belt, Rossman, Bailey, and Hay, Justices.

438

PER CURIAM.

The late Harry B. Read was found guilty in the municipal court of the City of Salem, Oregon, of the offense of installing a wire over a public street without a franchise, in violation of § 2 of ordinance No. 3642 of that city. He appealed from that judgment to the circuit court of the State of Oregon for Marion County, and on April 5, 1948, was found guilty in that court of the offense above-mentioned. The court ordered that he "pay a fine of $150.00, and that he pay the costs of this action, taxed at $———." From this judgment he appealed to this court. On October 4, 1949, John C. Kendall, as executor of the will and estate of Harry B. Read, deceased, filed a motion in this court suggesting the death of Read on September 9, 1948, and requesting that he, as such executor, be substituted as appellant therein vice Read, deceased. In answer to this motion the City of Salem pointed out that this cause is in the nature of a criminal proceeding "being an appeal from the conviction of the appellant for a violation of a city ordinance" and that on Read's death "the appeal abated and does not survive to his personal representative."

This court denied the executor's motion for his substitution as appellant in the place of Harry B. Read, deceased, and, on the authority of 36 C. J. S., Fines, § 7, p. 786; 25 C. J., Fines, Forfeitures and Penalties, § 17,

p. 1154; 22 C. J. S., Criminal Law, § 165 b, p. 263, and *United States v. Mitchell*, 163 F. 1014, ruled that the appeal had abated and dismissed it.

The executor of the will of Harry B. Read, deceased, has filed a petition requesting that we reconsider our former decision and reinstate the appeal. He contends that this is a civil action and not a criminal proceeding, and that the above citations "have to do. with criminal actions only."

■ That an appeal from the conviction of a crime abates on the death of the defendant is well established. See, in addition to the foregoing citations, *State v. Martin*, 30 Or. 108, 47 P. 196, approved in *Moores v. Moores*, 36 Or. 261, 264, 59 P. 327, and *State v. Fehl*, 152 Or. 104, 52 P. (2d) 1118. See also *O'Sullivan v. People*, 144 Ill. 604, 32 N. E. 192, 20 L. R. A. 143, with an excellent discussion of the rule and the reason for it; *Overland C. M. Co. v. People*, 32 Colo. 263, 75 P. 924, 105 Am. St. Rep. 74; *Herrington v. State*, 53 Ga. 552.

In support of his contention that this proceeding is a civil action the executor cites *Wong v. Astoria*, 13 Or. 538, 545, 11 P. 295, and 43 C. J., p. 444, § 606. In the Wong case it was held that the "right of trial by jury provided for in the constitution of the United States, and of various states, is understood to mean the common-law trial by jury", and that "the enforcement of a penalty for violating a city ordinance is not a criminal prosecution within the meaning of the provision of the constitution upon that subject."

43 C. J., Municipal Corporations, § 606, p. 444, above referred to, reads in part as follows:

"The character of the proceedings for violation of municipal ordinances or regulations is variously viewed by the courts. Such proceedings have been

referred to as civil, quasi-civil, criminal, and quasi-criminal. But it has been said that such proceedings may be considered criminal from some points of view, and also civil from other points of view. Partaking of some of the features of each, the similitude to either is not complete. In pleading they are more nearly like civil actions, but in their effects and consequences they more nearly resemble criminal proceedings. They are like criminal cases in many respects. * * * The action is a criminal action in substance and purpose, and partly civil and partly criminal in the practice governing it. In so far as it authorizes the imposition of a penalty it partakes of the nature of a criminal act. * * *''

Ordinance No. 3642, under which defendant was prosecuted, empowers the municipal court to punish the offender by a fine of not more than $500.00, or by imprisonment for not more than six months, or by both such fine and imprisonment.

In *Portland v. Erickson*, 39 Or. 1, 62 P. 753, defendant was acquitted in the municipal court of the City of Portland on a charge of violating ordinance No. 7133 of that city, and on appeal to the circuit court the judgment of acquittal was reversed and set aside and the cause ''remanded, with directions to the municipal court to adjudge that he be fined or imprisoned under said ordinance.'' The question there presented was whether the violation of the ordinance with which defendant was charged was an offense within the inhibition of the state constitution, Art. I, § 12, which provides that ''no person shall be put in jeopardy twice for the same offense.'' This court, after calling attention to the holding in *Wong v. City of Astoria*, supra, said:

'' * * * That decision was based upon the idea, promulgated in some other jurisdictions, that

the proceeding must be regarded as a civil action for the recovery of a fine, penalty, or forfeiture. While this may be proper and regular, yet where, under the statute and ordinances, enforcement is sought by resort to proceedings authorized and carried on in all respects as criminal cases are prosecuted—by complaint and warrant—and where the court is empowered to inflict upon the accused not only a fine, which may be followed by imprisonment for its nonpayment, but also imprisonment aside from any pecuniary penalty, or forfeiture, such proceeding becomes so far criminal in its nature, and the violation of the ordinance such an offense, that a person acquitted thereof can not be again put in jeopardy for the same offense''. Citing authorities.

After referring to the provisions of the ordinance, under which defendant was prosecuted, granting to the municipal court authority ''to impose a fine upon the offender of not less than $25 nor more than $100, or to imprison him for a term'' of not more than forty days, the court said: ''Now, while the civil action may extend to an enforcement of the fine and forfeiture, yet, when the court is authorized to go beyond this, and imprison the accused, without affording an opportunity to discharge the judgment of pecuniary recompense, then there is the creation of such an offense as comes within the inhibition of the constitution.'' See also in this connection *City of Portland v. Stevens*, 180 Or. 514, 522, 178 P. (2d) 175.

Section 95-2802, O. C. L. A., as amended by chapter 462, Oregon Laws 1947, and as further amended by chapter 121, Oregon Laws 1949, under which this appeal was prosecuted, after providing for an appeal from the municipal court to the circuit court by any person ''convicted in the municipal court of any city of the

state of Oregon of any offense defined and made punishable by any city charter or ordinance," further provides that "an appeal may likewise be taken in such cases from the judgment or final order of the circuit court to the supreme court of the state of Oregon in the same manner as other appeals are taken from the circuit court to the supreme court *in other criminal cases*". (Italics supplied.)

■ In our opinion the proceeding against Read is not a civil action; it is so far criminal in its nature that the disposition of the appeal therein, on Read's death, should be governed by the same rule applicable to appeals in criminal cases under similar circumstances.

The order denying the executor's motion to be substituted as appellant in the place of Read and dismissing the appeal was proper. The petition of the executor of the will of Harry B. Read, deceased, is denied.