Argued October 7, reversed December 14, 1966

# STATE OF OREGON *v.* HARRY MAYES
421 P. 2d 385

*John D. Ryan,* Portland, argued the cause for appellant. On the brief were Ryan & Ryan, Portland.

*Jacob B. Tanzer,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

GOODWIN, J.

Defendant appeals a conviction of violating ORS 483.992 (2) (driving while under the influence of intoxicating liquor). He asserts the constitutional defense of double jeopardy, as well as a statutory defense based on ORS 134.140 (2)[1] and 134.150.[2]

The record discloses the following events: On

---

[1] "An order for the dismissal of a charge or action, as provided in ORS 134.010 to 134.160, is a bar to another prosecution for the same crime if the crime is a misdemeanor; but it is not a bar if the crime charged is a felony."

[2] "The court may, either of its own motion or upon the application of the district attorney, and in furtherance of justice, order an action, after indictment, to be dismissed; but in that case, the reasons of the dismissal shall be set forth in the order, which shall be entered in the journal."

April 24, 1965, the defendant was issued a citation for violating Section 19-701 of the Portland Traffic Code. The case first came on for trial on May 24, 1965, in the municipal court. Trial was postponed at the defendant's request one day to May 25. The next day the city attorney requested a continuance to June 10. On June 10 the defendant entered a plea of not guilty and the prosecution again requested a continuance, which was granted. On June 17, the prosecution requested and was granted a third continuance.

The municipal court record shows the following entry on July 1, 1965, in the handwriting of the municipal judge: "Continued indefinitely for lack of prosecution." These words were then crossed out and the same hand wrote: "Dismissed without prejudice." The phrase, "Dismissed without prejudice," creates one of the ambiguities which increase the difficulty of the question now before us.

An additional complication is found on the back of the citation, where provision is made for checking one of three boxes, indicating thereby "Trial" either "By Jury" or "Waived" or "By Court." The box indicating trial "By Court" appears to have been checked by the trial judge. The meaning of this notation is not explained in the record.

Also on July 1, 1965, the police officer who had issued the first citation swore out another citation before the same judge. The second citation alleged the same conduct alleged in the first citation, but the officer checked the state statute (ORS 483.992 (2)) instead of the municipal ordinance as the proscribing authority.[9]

---

[9] ORS 484.030 (2) confers upon municipal courts jurisdiction to hear traffic cases involving state law when violation is alleged to have occurred within city.

The district attorney said in oral argument that the original prosecution had been continued and eventually dismissed and refiled as a state case because the prosecution's key witness lived out of town and would not honor municipal-court subpoenas. The new citation, issued under the state statute, was intended to make statewide subpoena available. Since the efficacy of such citation is not before us, we express no opinion on it.

A trial based on the second citation was held on July 15, 1965, before a municipal judge sitting without a jury. The defendant was found guilty. He appealed to the circuit court and was again found guilty, this time by a jury.

In the circuit court the defendant entered a plea of former jeopardy based on the events in the municipal court, and, as noted, relied upon ORS 134.140 (2) in support of his claim that the dismissal of the municipal prosecution by the municipal judge was a bar to a subsequent prosecution for the same offense. He assigns error to the rulings which held the two defenses to be of no avail.

■■ The statutory defense under ORS 134.140 (2) disposes of the case. The procedural law of this state provides for no such disposition of a prosecution as a dismissal "without prejudice." Therefore, the words "without prejudice" written upon the citation must be disregarded as meaningless surplusage. This leaves the case in the posture of a municipal prosecution that has been dismissed.

The next question is whether ORS 134.140 (2) bars a subsequent prosecution under a state statute when the case dismissed was founded upon a city ordinance, but the conduct complained of in each case was the

same. It is conceded that if the offense charged in the original citation was a crime it was a misdemeanor. It is also conceded that the facts alleged in the first citation are the same as those alleged in the second complaint.

■ We hold that ORS 134.140 (2) applies alike to city and state prosecutions whenever: (a) the case that was dismissed was a prosecution for an offense which carried the possibility of a jail sentence; and (b) the same facts are alleged in both prosecutions.

Conflicting language appears in our own reports as well as in those of other jurisdictions concerning the character of proceedings to enforce municipal ordinances. Compare, for example, the holding in *City of Salem v. Read,* 187 Or 437, 211 P2d 481 (1949), with dictum in *City of Portland v. Goodwin,* 187 Or 409, 415, 210 P2d 577 (1949); and see 9 McQuillin, Municipal Corporations 610, § 27.06 (3d ed rev 1964). The conflicting statements arise from the attempt to generalize indiscriminately from specific cases. Some municipal prosecutions are for offenses that are criminal in every important sense, while others are for violations of city laws which are not necessarily criminal in purpose or effect. It is important in each case to understand why the characterization is being sought. See, e.g., *City of Salem v. Read,* supra, where the offense of "installing a wire over a public street without a franchise" was held to be "criminal" for the purposes of abating an appeal upon the death of the defendant. But see *State v. Crawford,* 58 Or 116, 113 P 440, Ann Cas 1913A, 325 (1911), where impeachment of a witness by reference to convictions for disorderly conduct was held to be error on the ground that such offenses were not "crimes." Both holdings were probably sound in their factual settings, but me-

chanical generalizations from them have created confusion. See Gross, *Double Jeopardy,* 43 OLR 281, 299, 300 (1964).

■ This court recognized in 1900 that when "the court is empowered to inflict upon the accused not only a fine, which may be followed by imprisonment for its nonpayment, but also imprisonment aside from any pecuniary penalty or forfeiture  *  *  *," the proceeding is criminal in nature insofar as procedural due-process is concerned. *Portland v. Erickson,* 39 Or 1, 7, 62 P 753, 754 (1900). Despite inconsistent dicta in later cases, *Erickson* is still the law in this state.

■ If the defendant had been convicted of violating the municipal ordinance instead of the state statute, he could have been sentenced to a jail term of six months' duration as well as a fine. Portland Traffic Code, § 19-701 (2). The initial proceeding in the municipal court was, therefore, a prosecution for a crime. And since the crime was a misdemeanor within the meaning of ORS 134.140 (2), the dismissal of the first charge was a bar to a subsequent prosecution.

In view of our holding that the subsequent proceeding was barred by ORS 134.140 (2), we do not reach the question of former jeopardy.

Reversed.