Argued March 27, affirmed April 27, petition for rehearing
denied May 25, petition for review denied
August 1, 1972

## STATE OF OREGON, *Appellant, v.*
## ROBERT O. BORDERS (No. 19395), *Respondent.*
496 P2d 243

*Robert A. Lucas,* District Attorney, St. Helens, argued the cause and filed the brief for appellant.

*Robert P. VanNatta,* St. Helens, argued the cause for respondent. On the brief were VanNatta and Petersen, St. Helens.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

This is an appeal by the state from an order dismissing a misdemeanor indictment for assault and battery. While a misdemeanor charge was pending against the defendant in the justice court in Clatskanie, Oregon, defendant was indicted by a Columbia County grand jury for the same act. The trial in justice court was set for October 4, 1971. On September 29, 1971, the state moved for a continuance. The justice of the peace did not grant a continuance, but granted the defendant's oral motion for dismissal by entry of the following order:

"* * * * *

"The above entitled matter coming on for hearing on the motion of the State of Oregon for a continuance, and the State having stated to the Court that it did not wish to try the matter in Clatskanie, and was not ready to try it, and the defendant having filed an affidavit to the effect that it had supoenaed [sic] 11 witnesses for the impending trial and it appearing to the Court that the continuance should not be granted; It is hereby

"ORDERED that the States [sic] motion for a continuance be and hereby is denied.

"The Defendant having moved for an order of dismissal and good cause therefore appearing: it is hereby

"ORDERED that the complaint herein shall be and hereby is dismissed.

"* * * * *."

No question is raised as to whether this order was untimely or an abuse of discretion. Thereafter, on November 1, 1971, defendant moved the circuit court for a dismissal of the indictment under ORS 134.140 (2) which provides:

"An order for the dismissal of a charge or

action, as provided in ORS 134.010 to ORS 134.160, is a bar to another prosecution for the same crime if the crime is a misdemeanor; but it is not a bar if the crime charged is a felony."

The state appeals from the order of the circuit court granting the motion and dismissing the indictment. It appears from the wording of the justice court's order that the justice of the peace dismissed the complaint before him because he anticipated a delay in bringing the defendant to trial, and that in so doing he probably relied on ORS 134.120, which states:

"If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, is not brought to trial within a reasonable period of time, the court shall order the indictment to be dismissed."

While it might well be argued that ORS 134.120 applies only to crimes charged by indictment rather than by complaint, the Supreme Court of Oregon has held that the dismissal for want of prosecution of a misdemeanor complaint is a bar to further prosecution for the same offense. *State v. Mayes,* 245 Or 179, 421 P2d 385 (1966). In *Mayes* the defendant was charged with violation of a city ordinance (driving while under the influence of intoxicating liquor) which was ultimately dismissed for want of prosecution. Thereafter, the state sought to charge the defendant for the same misdemeanor under state law. The Supreme Court held that the dismissal of the "city" charge was a bar to a subsequent prosecution under state statute, stating:

"We hold that ORS 134.140 (2) applies alike to city and state prosecutions whenever: (a) the case that was dismissed was a prosecution for an offense which carried the possibility of a jail sen-

tence; and (b) the same facts are alleged in both prosecutions." 245 Or at 183.

Affirmed.

THORNTON, J., specially concurring.

I agree with the prevailing opinion that if ORS 134.140 (2) is controlling in this case we are bound by the construction of that statute reached in *State v. Mayes,* 245 Or 179, 421 P2d 385 (1966). It is my conclusion, however, that the interpretation placed on ORS 134.140(2)[①] by our Supreme Court in *Mayes* is questionable and should be reexamined for the following reasons:

First of all, ORS 134.140 (2) does not say that all dismissals in misdemeanor cases are a bar to further prosecutions for the same crime, but rather states that only those dismissals "as provided in ORS 134.010 to 134.160" bar subsequent misdemeanor prosecutions for the same crime. Therefore, if the statute means what it says a dismissal of a misdemeanor is a bar only if it was after indictment, and the indictment was dismissed pursuant to ORS 134.010 to 134.160. Turning now to those sections:

(1) ORS 134.010 through 134.040 deal with procedure for compromise in misdemeanor cases.

(2) ORS 134.110 covers dismissal for delay in returning indictments.

---

[①] ORS 134.140 provides:

"(1) If the court directs the charge or action to be dismissed, the defendant, if in custody, shall be discharged. If he has been admitted to bail, his bail is exonerated and money deposited in lieu of bail shall be refunded to him.

"(2) An order for the dismissal of a charge or action, as provided in ORS 134.010 to 134.160, is a bar to another prosecution for the same crime if the crime is a misdemeanor; but it is not a bar if the crime charged is a felony."

(3) ORS 134.120 covers dismissal for delay in bringing defendant to trial after indictment.

(4) ORS 134.130 deals with alternatives to dismissal in ORS 134.110 and 134.120 when good cause is shown.

(5) ORS 134.150 covers dismissal after indictment on motion of the court or district attorney in furtherance of justice.

(6) ORS 134.160 abolishes *nolle prosequi.*

From the foregoing it appears clear to me that none of the statutory grounds that makes ORS 134.140 (2) a bar exists in the present case. ORS 134.140 applies only to those few situations enumerated above. The statute is clear and unambiguous. An unambiguous statute should not be interpreted but should be enforced according to its clear language. *State v. Young,* 74 Or 399, 145 P 647 (1915).

As already noted, the prevailing opinion is rested on *State v. Mayes,* supra. In *Mayes* the issue was whether or not a municipal ordinance prosecution is a misdemeanor within the meaning of ORS 134.140 (2). The court held that it was indeed a misdemeanor and having done so assumed that the statute applied. The court stated:

"1, 2. The statutory defense under ORS 134.140 (2) disposes of the case * * *.

"* * * * *

"* * * The initial proceeding in the municipal court was, therefore, a prosecution for a crime. And since the crime was a misdemeanor within the meaning of ORS 134.140 (2), the dismissal of the first charge was a bar to a subsequent prosecution.

"In view of our holding that the subsequent proceeding was barred by ORS 134.140 (2), we do not

reach the question of former jeopardy." 245 Or at 182-84.

It is common knowledge that material errors are often made by police officers, city attorneys and district attorneys in preparing and filing misdemeanor and ordinance-violation complaints, as well as uniform traffic citation complaints. These mistakes occur as a result of inadvertence or mistaken information. In such cases it is the usual practice for the city attorney or district attorney to dismiss the first complaint and file a new complaint on the same facts to correct the error in the language of the first complaint. To say that when an error on the face of a misdemeanor complaint or a uniform traffic citation occurs with reference to a material element of the crime charged, it can never be corrected and the accused must go free, is contrary to the plain language of ORS 134.140 (2). The legislature certainly never intended such a result when it enacted this provision in 1864.[2] Plainly the framers of this provision were talking throughout this entire chapter about prosecution of misdemeanors by indictment only.

The rights of the accused have not been prejudiced. The state should be given a fair opportunity to prosecute its case.[3]

---

[2] This same provision is also found in Statutes of Oregon 1854, ch XXXVI, § 34, pp 251, 255.

[3] The district attorney in his brief makes an equally important point:

"* * * [T]he state should be allowed to in essence remove a case from a justice court and 'elevate' it to circuit court in certain circumstances so long as no substantial right of the defendant's is infringed upon. Many counties including Columbia still have lay justices of the peace. Likewise, in many counties such as ours the grand jury is only in session periodically. Therefore, it is virtually impossible to initiate all important criminal proceedings in circuit court. * * *"

Nevertheless, in view of the decision of the Supreme Court in *Mayes* I am obliged to concur in the result of this case.