Argued August 24, reversed and remanded October 12, 1972

# STATE OF OREGON, *Appellant, v.*
# ARMANDO R. LAGUARDIA (No. 72 0145),
## *Respondent.*

501 P2d 1005

*John W. Osburn,* Solicitor General, Salem, argued the cause for appellant. With him on the brief was Lee Johnson, Attorney General, Salem.

*John M. Biggs,* Eugene, argued the cause for respondent. With him on the brief were Allen & Biggs, Eugene.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

Defendant was charged on January 4, 1972, in District Court of Lane County with possession of marihuana as follows:

"Information
    (ORS 167.207)

"The above named Armando Reinaldo Laguardia is accused on oath by the Lane County District Attorney by this Information of the crime of

Criminal Activity in Drugs committed as follows:

"The said Armando Reinaldo La Guardia on or about the 3rd day of January, 1972, in the county aforesaid, did knowingly and unlawfully possess marihuana; a narcotic drug; contrary * * *."

An indorsement at the foot of the information designated the offense as "Class B felony."

Thereafter, apparently before any other activity in district court, the Lane County Grand Jury on January 14, 1972, returned an indictment against defendant charging him, in identical allegations, with criminal activity in drugs:

"INDICTMENT

"The above named ARMANDO REINALDO LAGUARDIA is accused by the Lane County Grand Jury by this Indictment of the crime of CRIMINAL ACTIVITY IN DRUGS committed as follows:

"The said ARMANDO REINALDO LAGUARDIA on or about the 3rd day of January, 1972, in

the county aforesaid, did knowingly and unlawfully possess the narcotic drug marihuana; contrary * * * ."

On March 14, 1972, the district attorney's motion to dismiss the information in district court was allowed. On March 21, 1972, defendant filed a motion to dismiss the indictment in circuit court on the ground that a same-crime complaint charging a misdemeanor in district court had been dismissed, pursuant to ORS 134.140(2) which provides that:

"An order for the dismissal of a charge or action * * * is a bar to another prosecution for the same crime if the crime is a misdemeanor; but it is not a bar if the crime charged is a felony."

Defendant claims the information in district court charged only a misdemeanor and therefore its dismissal was a bar to further prosecution.

The question before this court is this: Did the information filed in district court charge only a misdemeanor within the intendment of ORS 134.140(2)? We conclude that it did not. *State v. Bettin/English/ Remling,* 10 Or App 230, 498 P2d 382, Sup Ct *review denied* (1972), is not contrary. In that case we held that an indictment which charged possession of marihuana without alleging the amount thereof was subject to demurrer for lack of specificity, i.e., the defendant was entitled to be apprised whether the quantity of marihuana claimed to have been possessed was greater or less than one avoirdupois ounce. We did not hold that the indictment in that case necessarily charged a misdemeanor.[1]

---

[1] State v. Mayes, 245 Or 179, 421 P2d 385 (1966), does not control here. In that case it was conceded that the crime charged

The chapter of ORS (134.110 et seq) under which dismissal was obtained in this case generally deals with delay in prosecution as the basis for dismissal of criminal proceedings both in the circuit court and the lower courts. A principal legislative purpose in providing that dismissal of a misdemeanor case would operate as a bar to another prosecution for the same crime as provided in ORS 134.140(2) may have been to prevent the harassment of a defendant by prolonged prosecution for a less serious crime. In the present case it was obvious from the original information filed that the state intended that the defendant be charged with a felony because there was indorsed on the information the words, "Class B Felony," and the state promptly thereafter obtained an indictment in the circuit court, where felonies are handled, charging the same offense in the same way. It is axiomatic that a defendant should not be charged with the same crime in two different courts at the same time, so the district attorney routinely and properly moved to dismiss the information pending in the district court. We hold that the dismissal of the information in district court was not the dismissal of a misdemeanor within ORS 134.140 (2) and thus was not a bar to the prosecution in the circuit court. The order dismissing the indictment is reversed and the case remanded for further proceedings.

Reversed and remanded.

---

in the lower court was a misdemeanor. *See also* State v. Borders, 9 Or App 385, 496 P2d 243, Sup Ct *review denied* (1972).