Argued September 16, affirmed October 13, 1975

STATE OF OREGON, *Respondent, v.* BERYL D.
PATTON (No. C 74-04-1111 Cr, No. C 74-04-1112 Cr,
No. C 74-04-1113 Cr), *Appellant.*

(3 cases consolidated)

541 P2d 146

*Darrell J. Cornelius,* Portland, argued the cause
and filed the brief for appellant.

*John W. Burgess,* Assistant Attorney General, Sa-
lem, argued the cause for respondent. With him on the
brief were Lee Johnson, Attorney General, and W.
Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

THORNTON, J.

These three appeals by defendant involve three separate traffic convictions, and arose out of an automobile collision. All three cases have been consolidated for hearing in this court. Defendant contends that the trial court erred in denying his motion to dismiss all three charges based on ORS 134.140(2).

Defendant was arrested at the scene by a Multnomah County Deputy Sheriff. The officer then issued defendant three uniform traffic citations charging defendant with (1) driving while under the influence of intoxicating liquor, (2) failing to exercise reasonable care in driving to avoid collision, and (3) driving with a blood alcohol count of .15 per cent or above.

Shortly thereafter it was discovered that the officer had mistakenly written "November 15" as the date when the alleged offenses occurred, rather than November 14, the actual date.

Having discovered the above error the officer on November 18 went to defendant's home and issued him three new citations with the corrected date. After the officer issued the second set of citations the district attorney moved to dismiss the first three citations and the district court granted the motion. Defendant then moved to dismiss the second set of citations based upon ORS 134.140(2), now amended and renumbered ORS 135.753. The motion was granted by the district court. The state appealed to the circuit court which reversed the district court. Following this the defendant was tried and convicted in the district court. Defendant appealed to the circuit court where he was again tried and convicted.

On the dates involved here ORS 134.140(2) and 134.150 provided as follows:

> "An order for the dismissal of a charge or action, as provided in ORS 134.010 to 134.160, is a bar to another prosecution for the same crime if the crime is a misdemeanor; but it is not a bar if the crime charged is a felony." ORS 134.140(2).

> "The court may, either of its own motion or upon the application of the district attorney, and in furtherance of justice, order an action, after indictment, to be dismissed; but in that case, the reasons of the dismissal shall be set forth in the order, which shall be entered in the journal." ORS 134.150 (now amended and renumbered ORS 135.-755).

Defendant argues that the motion to dismiss the amended charges should have been granted by the circuit court because of the statutory language of ORS 134.140 and 134.150, and the interpretation of ORS 134.140(2) in *State v. Mayes,* 245 Or 179, 421 P2d 385 (1966). Defendant also directs our attention to the language of the special concurring opinion in *State v. Borders,* 9 Or App 385, 496 P2d 243, Sup Ct *review denied* (1972), in which it was suggested that *State v. Mayes,* supra, was incorrectly decided and should be reexamined by the Supreme Court in view of its effect in cases such as *Borders.*

The state's answering argument is twofold. The state argues first that ORS 134.140(2) is not intended to apply to this kind of situation, citing *State v. La-Guardia,* 11 Or App 75, 78, 501 P2d 1005 (1972), because there was no evidence of unreasonable delay.

Next the state argues in the alternative that the two sets of citations with different dates might be regarded as having charged two separate sets of crimes and therefore ORS 134.140(2) by its terms does not apply.

The case at bar raises again the troublesome question of what is the true meaning and application of ORS 134.140(2) and 134.150. In *State v. Borders,* supra, this court gave extended consideration to this problem and particularly to the then leading case of *State v. Mayes,* supra. Subsequent to *Borders,* however, our Supreme Court, in *State v. Stover,* 271 Or 132, 142-43, 531 P2d 258 (1975), after tracing the history of the above statutes, said that *State v. Mayes,* supra, was to be "limited to situations where the defendant was prosecuted for the same crime under the statutes of different sovereignties."

In the case at bar both prosecutions are by the same sovereignty. Therefore, following the above language from *Stover,* we conclude that ORS 134.140 (2) would not preclude the state from dismissing the first set of citations and prosecuting defendant under the new ones.

Affirmed.