Submitted on record and briefs October 9,
affirmed November 3, 1975

STATE OF OREGON, *Appellant, v.*
ROBIN ALAN BRENT (No. C75-01-0020, CA 4396),
*Respondent.*
541 P2d 1313

*Lee Johnson,* Attorney General, and W. Michael Gillette, Solicitor General, Salem, filed the brief for appellant.

*Owen D. Blank,* Hillsboro, filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

On January 3, 1975, defendant was accused by a complainant's information of the crime of criminal activity in drugs in violation of ORS 167.207. On January 10, 1975, the district court allowed defendant's written demurrer to the accusatory instrument and dismissed it.[1]

---

[1] Defendant had been accused of committing the crime as follows:

> "The said defendant, on or about January 2, 1975, in Multnomah County, State of Oregon, did unlawfully and knowingly furnish Marihuana, a dangerous drug contrary to the statutes in such cases made and provided, and against the peace and dignity of the STATE OF OREGON."

The basis of the demurrer was that marihuana is not a dangerous drug. It was error to dismiss the complainant's information on that ground. The words "a dangerous drug" were surplusage. Since, without them, the facts stated were sufficient to constitute an offense, there was no statutory ground of demurrer under ORS 135.630.

The state did not request permission from the district court to refile an accusatory instrument pursuant to the provisions of ORS 135.670, set out below, nor did the state appeal the order of dismissal under ORS 157.020(2) (a) within the time and in the manner provided in ORS 157.030.

Subsequent to the district court order of dismissal, the state obtained an indictment charging defendant with the same crime as the accusatory instrument in the district court proceedings.[2] Defendant moved to dismiss the indictment on the ground that the state was barred from proceeding further under ORS 135.670. After a hearing on this motion, the circuit court dismissed the indictment.

ORS 135.670 provides:

"(1) If the demurrer is allowed, the judgment is final upon the accusatory instrument demurred to and is a *bar* to another action for the same crime *unless* the court, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new accusatory instrument, allows the case to be resubmitted or refiled.

■ The state argues that this statute was not intended to give finality to district court rulings and was intended to be applicable only in connection with circuit court orders. Whether or not this was the legislative intent, the language used is "plain, unambiguous, and understandable" and we therefore ascertain the statutory meaning from that language. *Boggs v. Multnomah County,* 2 Or App 517, 519, 470 P2d 159 (1970).

■ In 1973, ORS 135.630 was amended to allow a

---

[2] Since the demurrer to the complainant's information was sustained on the ground that marihuana is not a "dangerous drug," *see,* n 1, the indictment labeled marihuana as a "narcotic drug" but varied from the first accusatory instrument in no other respect.

demurrer to any accusatory instrument⑨ rather than just to an indictment. At the same time, ORS 135.670 was amended so that a successful demurrer to any accusatory instrument operates as a bar.

■ Upon allowance of defendant's demurrer, there were two alternatives available to the state: (1) it could have sought the district court's permission to refile, ORS 135.670, or (2) it could have appealed the district court's order to the circuit court. ORS 157.020(2) (a) and 157.030. The state argues that if it is restricted to these two courses of action, ORS 132.380 is meaningless. We do not agree.

■ ORS 132.380 provides:

"The grand jury may indict a person for a crime when it believes him guilty thereof, whether such a person has been held to answer for such a crime or not."

It is authority for the proposition that a grand jury may indict a person for a crime even though a preliminary hearing before a magistrate has never been held, e.g., *Anderson v. Gladden,* 234 Or 614, 627, 383 P2d 986 (1963), or even though a preliminary hearing resulting in discharge of the defendant was held. *State v. Belding,* 43 Or 95, 71 P 330 (1903) (dicta).

Affirmed.

---

⑨ Accusatory instrument means a grand jury indictment, a district attorney's information, a complainant's information, or a complaint. ORS 131.005.