# STATE OF OREGON,
*Respondent,*

*v.*

# SUZZETTE STEVENSON,
*Appellant.*

(DA 288693-8411; CA A36299)

718 P2d 766

John P. Manning, Portland, argued the cause and filed the brief for appellant.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr. Solicitor General, Salem.

Before Gillette, Presiding Judge Pro Tempore, and Van Hoomissen and Young, Judges.

YOUNG, J.

### YOUNG, J.

Defendant appeals her conviction for prostitution, a class A misdemeanor. ORS 167.007. The issue is whether it was error to deny her motion to dismiss on the ground that the present action is barred because the complaint was "refiled" in violation of ORS 135.670. We reverse.

In 1983, defendant was charged with prostitution in violation of section 14.36.065 of the Portland City Code. In October 1984, her demurrer was allowed, and the case was dismissed. The state did not seek leave to refile the complaint, and none was granted. In November, 1984, another complaint was filed charging defendant with prostitution based on the same facts under state law. ORS 167.007. Her motion to dismiss on the basis of ORS 135.670 was denied. After trial to the court, she was convicted.

ORS 135.670 provides:

"(1)   If the demurrer is allowed, the judgment is final upon the accusatory instrument demurred to and is a bar to another action for the same crime unless the court, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new accusatory instrument, allows the case to be resubmitted or refiled.

"(2)   If the court allows the case to be resubmitted or refiled, it must be resubmitted or refiled by the state within 30 days from the date on which the court enters the order. If the case is not resubmitted or refiled within that time, the defendant shall be discharged from custody or the release agreement discharged or the security deposit returned as provided in ORS 135.680."

Defendant argues that it was error to deny the motion to dismiss, because (1) the complaints charged the same crime; (2) the state did not seek leave to refile when the demurrer was allowed and the case dismissed and, therefore, it could not refile; and (3), even if the state could refile, it failed to do so within 30 days.

■      The first question is whether the complaints charged the "same crime" within the meaning of ORS 135.670. The state concedes that Portland City Code § 14.36.065 and ORS 163.305, 167.002 and 167.007 make the same conduct criminal

in substantially identical language[1] and that the complaints are based on the same facts. The state argues, however, that the crimes are not the same, because the statute and the ordinance impose different penalties.[2] We disagree.

In *State v. Pirkey,* 203 Or 697, 281 P2d 698 (1955), the defendant was indicted for drawing a check with insufficient funds. The statute then in effect permitted the crime to be prosecuted either as a misdemeanor or a felony, "in the discretion of the grand jury or the magistrate to whom complaint is made, or before whom the action is tried, as the case may be * * *." Or Laws 1949, ch 129, § 1. The court held that the statute violated the Equal Protection Clause, US Const., Amend XIV, because "the same identical act, under the same circumstances, may constitute a felonious crime when committed by one person and a misdemeanor when committed by another." 203 Or at 704. In reaching that conclusion, the court noted:

> "We also agree with the contention of the state that 'As relates to crimes, substantive law is that which declares what acts are crimes *and prescribes the punishment for committing them * * *.'* (Italics ours.) It is provided by statute that 'A crime or public offense is an act or omission forbidden by law and punishable upon conviction by any of the following punishments:' (Enumerating them.) ORS 161.020. * * * Thus we see that the statutory provision specifying the punishment for the doing of specific acts constitutes an integral part of the crime itself, as defined." 203 Or at 702. (Citations omitted.)

Further, it said:

> "Since the provision for punishment constitutes one element in the definition of a crime, it would appear that this statute, in effect, defines two crimes as a matter of substantive law; one a felony, and the other a misdemeanor." 203 Or at 705.

On the basis of those two statements, the state argues that the complaints here did not charge the "same crime." The state fails, however, to explain the relevance of an equal

---

[1] For the sake of brevity we do not quote Portland City Code § 14.36.065 or ORS 163.305, 167.002 and 167.007. Those sections are set out *in haec verba* in *City of Portland v. Dollarhide,* 300 Or 490, 492-93 nn 1, 2, 714 P2d 220 (1986).

[2] The penalties under the statute and the ordinance are not the same. *See City of Portland v. Dollarhide, supra* n 1.

protection analysis to the issue here, *i.e.,* what is meant by the words "the same crime" in the statute. We find nothing to indicate that the legislature intended that two crimes are not the "same" within the meaning of ORS 135.670 just because they carry different penalties. We hold that two crimes which require proof of the same elements and which are based on the same facts are "the same crime" within the meaning of ORS 135.670, even if they carry different penalties. *See State v. Mayes,* 245 Or 179, 421 P2d 385 (1966).[3]

■   The second issue is whether the state is permitted to file the second complaint when it did not seek leave to refile and when the order allowing the demurrer to the first complaint did not grant leave to refile. We resolved this question adversely to the state in *State v. Brent,* 23 Or App 262, 541 P2d 1313 (1975).

The state argues that *Brent* is inapposite. The thrust of its argument seems to be that, under ORS 135.670, the trial court has discretion to permit the state to refile when the state did not originally seek leave to do so and that, in *Brent,* the trial court refused to exercise that discretion, unlike in this

---

[3] In *Mayes,* the defendant was cited for DUII pursuant to Portland Traffic Code § 19-701. The case was dismissed, and the citing officer issued another citation, which alleged the same conduct, but charged a violation of the state DUII statute, *former* ORS 483.992(2). The trial court denied defendant's motion, pursuant to *former* ORS 134.140(2) (now ORS 135.753), to dismiss. The court reversed, stating:

"The next question is whether ORS 134.140(2) bars a subsequent prosecution under a state statute when the case dismissed was founded upon a city ordinance, but the conduct complained of in each case was the same. It is conceded that if the offense charged in the original citation was a crime it was a misdemeanor. It is also conceded that the facts alleged in the first citation are the same as those alleged in the second complaint.

"We hold that ORS 134.140(2) applies alike to city and state prosecutions whenever: (a) the case that was dismissed was a prosecution for an offense which carried the possibility of a jail sentence; and (b) the same facts are alleged in both prosecutions."

In *State v. Stover,* 271 Or 132, 142, 531 P2d 258 (1975), the court suggested that *Mayes* held that, for the purposes of *former* ORS 134.140(2), two crimes based on the same set of facts were the "same" *even if* they required proof of different elements. Although we agree that the language in *Mayes* is broad enough to include that interpretation, it would be *dictum,* given the facts in *Mayes.* We also note that, although the issue was not discussed in *Mayes,* the two DUII charges there also carried different penalties. Violation of the ordinance carried a maximum jail term of six months, plus a fine, *see* 245 Or at 184, but violation of the statute carried a maximum jail term of one year, plus a fine. *Former* ORS 483.992(2).

case. We disagree. That interpretation renders meaningless *Brent's* discussion of finality.[4] 23 Or App at 264.

We hold that, under ORS 135.670(1), the successful demurrer to the first complaint is a bar to the second complaint. It was error to deny the motion to dismiss.[5]

Reversed.

---

[4] In *State v. Robertson,* 293 Or 402, 407, 649 P2d 569 (1982), the court held that orders allowing demurrers are appealable orders within the meaning of ORS 138.060. If we were to hold that the state can refile without seeking leave to do so at the time the order allowing the demurrer is entered, the order would not be final and, hence, not appealable.

[5] In view of this holding, we need not decide whether the state should have refiled within 30 days.