Argued and submitted January 24, affirmed October 24, 1990

STATE OF OREGON,
*Respondent,*

*v.*

JOHN WILLIAM MOLINE,
*Appellant.*

(882293; CA A50336)

800 P2d 299

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Defendant appeals his conviction for failure to perform the duties of a driver to an injured person. ORS 811.705. The issue is whether it was error to deny his motion to dismiss on the ground that this action is barred, because the indictment was not refiled in conformance with ORS 135.670. We affirm.

In December, 1987, defendant was charged with failing to perform the duties of a driver to an injured person. On May 10, 1988, the trial court granted defendant's demurrer, made during trial, and dismissed the case, because the complaint failed to allege that the accident took place on a public highway or on premises open to the public. The state did not request permission from the trial court to resubmit the accusatory instrument at that time. Forty-four days later, on June 23, 1988, the state requested and obtained an order from the court allowing it to resubmit. The same day, the grand jury reindicted defendant for the same offense. The court denied defendant's motion to dismiss the indictment for failure to comply with ORS 135.670, and defendant was convicted by the court in a trial on stipulated facts.

ORS 135.670 provides:

"(1)   If the demurrer is allowed, the judgment is final upon the accusatory instrument demurred to and is a bar to another action for the same crime unless the court, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new accusatory instrument, allows the case to be resubmitted or refiled.

"(2)   If the court allows the case to be resubmitted or refiled, it must be resubmitted or refiled by the state within 30 days from the date on which the court enters the order. If the case is not resubmitted or refiled within that time, the defendant shall be discharged from custody or the release agreement discharged or the security deposit returned as provided in ORS 135.680."

Defendant argues that the trial court erred in denying the motion to dismiss because the state did not seek leave to refile at the time that the demurrer was granted, as required by ORS 135.670. He argues alternatively that, even if we hold that the state did not have to seek to refile at that time, it failed to file within the 30-day period allowed by the statute.

■ We hold that ORS 135.670 does not require the state to seek leave from the trial court to refile an accusatory instrument at the time that the demurrer is allowed. The statute provides that, if the demurrer is allowed, the judgment is final on the accusatory instrument demurred to and is a bar to another action for the same crime *unless the court allows the case to be resubmitted or refiled.* Nothing in the language of the statute requires the state to seek to refile at the same time that the demurrer is allowed. We have not previously held that the state's failure to seek leave from the court at that time bars refiling.[1] In all of the cases relied on by defendant relating to this issue, the state failed to request leave of the court to refile.

■ The more difficult question is whether, as defendant contends, the state's failure to refile within 30 days after entry of the order allowing the demurrer is a bar to further prosecution. The first sentence of ORS 135.670(2) provides that, if the court allows the case to be resubmitted, it must be done within 30 days after issuance of the order.[2] It could be inferred that failure to file within 30 days is a bar to further prosecution. However, when it is read together with other language of the statute as well as the language of analogous statutes and in the light of the legislative history, it becomes apparent that failure to comply with the 30-day time limit is not a bar to further prosecution.

In interpreting a statute, each part or section should be construed in connection with every other part or section so as to be in harmony. *Davis v. Wasco IED,* 286 Or 261, 267, 593 P2d 1152 (1979); 2A Sands, *Sutherland Statutory Construction* 90, § 46.05 (4th ed 1984). The second sentence of subsection (2) specifies the remedy if the 30-day time limit is not met: The defendant shall be discharged from custody, the release agreement shall be discharged or the security deposit shall be returned. If the state were barred from further prosecution, it would be unnecessary to specify this remedy.

---

[1] We stated in *State v. Stevenson,* 79 Or App 166, 171 n 4, 718 P2d 766, *rev den* 301 Or 241 (1986), that leave to refile should be sought at the time the demurrer is allowed. That *dictum* is not binding on us.

[2] Although the language of the statute is not completely clear, we assume that the reference to "order" is to the order allowing the demurrer, not the order allowing leave to refile. The legislative history supports this assumption. Tape recording, Criminal Law Revision Commission, August 28, 1972, Side I, at counter 973-977.

In addition, the legislative history supports the conclusion that failure to comply with the 30-day time limit does not bar prosecution. ORS 135.670 was adopted as part of a major revision to the Oregon Criminal Procedure Code that had been drafted by the Oregon Criminal Law Revision Commission. The commission's subcommittee drafted language that provided that, when a demurrer had been granted, the state should be allowed five days within which to correct errors in the pleadings. Minutes, Criminal Law Revision Commission, Subcommittee No. 1, August 22, 1972, p 22.

This exchange took place during subcommittee discussions of that provision:

"Mr. Hennings [Metropolitan Public Defender, Portland] asked what the penalty would be for not coming back within the five days. Representative Cole said that if the judge allows the district attorney to refile and this is not done within five days, then the defendant is released or the bail exonerated *but the district attorney could still go ahead and resubmit and refile and have the defendant re-arrested.*

"Mr. Hennings was of the opinion the section states that the district attorney may not go the refiling route unless he does so within the five days. After that the only route he can take is by appeal.

"* * * * *

"*Representative Cole thought that the five day limitation was adequate so far as the release of the defendant or the bond, but not binding on the district attorney as he may wish to resubmit later than that.* Mr. Spaulding remarked that he did not have to resubmit; he could file an information and it should not take more than five days in which to do so. It may take him longer than that to decide what he is going to do, Mr. Kinzman commented.

"It was Mr. Kinzman's contention that the counties were being penalized where the grand juries meet only once every two or three weeks." Minutes, Criminal Law Revision Commission, Subcommittee No. 1, August 22, 1972, pp 22-23. (Emphasis supplied.)

That indicates that at least one member of the subcommittee initially believed that the time limitation would apply to the state's ability to refile, as well as to the release of the defendant. The full commission considered the question on August 28, 1972:

"Mr. Hennings * * * suggested a 30 day limitation with the penalty for noncompliance being release of the defendant from custody. He contended that the statute should clearly state that the district attorney could only hold the defendant in custody for 30 days. After that time he would have to release him *although release would not block the state from bringing a further action.* Mr. Blensly said he would have no objection to following Mr. Hennings' recommendation.

"Senator Burns moved that Mr. Hennings' proposal be adopted as the policy of the Commission and that the staff draft a proposed section to that effect for resubmission to the Commission at its next meeting. Motion carried." *Minutes,* Criminal Law Revision Commission, August 28, 1972, pp 40-41. (Emphasis supplied.)

It appears that the legislative intent in imposing a time limit for reindictment was to avoid lengthy or needless incarceration of a defendant during the time necessary to correct errors in the pleading. The commission discussions quoted above indicate that the sole consequence of delay would be release of the defendant from custody.

Our interpretation of ORS 135.670 is also supported by statutes with similar language. ORS 135.560 and ORS 135.530(2), which concern the effect of orders of dismissal on reprosecution, were adopted at the same time as ORS 135.670. ORS 135.560 provides that a dismissal based on former jeopardy is the only type of dismissal that bars further prosecution.[3] Yet, ORS 135.530,[4] which governs resubmission of a case, includes language nearly identical to the language of ORS 135.670(2) requiring that refiling occur within 30 days after entry of the order allowing the demurrer. If the language of ORS 135.530 does not contradict ORS 135.560 and does not bar further prosecution, then it would not make sense to interpret the nearly identical language of ORS 135.670 to do so.

---

[3] ORS 135.560 provides:

"Except for an order dismissing an accusatory instrument on grounds of former jeopardy, an order to set aside an indictment or to dismiss an accusatory instrument is no bar to a future prosecution for the same crime."

[4] ORS 135.530(2) provides:

"If the court allows the case to be resubmitted or refiled, it must be resubmitted or refiled by the state within 30 days from the date on which the court enters the order. If the case is not resubmitted or refiled within that time, the defendant shall be released from custody or the release agreement discharged or the security deposit returned."

We conclude that, under ORS 135.670, if refiling does not occur within 30 days after the order allowing a demurrer, the defendant shall be discharged from custody, the release agreement discharged or the security deposit returned, but that further prosecution is not barred. The trial court properly denied defendant's motion to dismiss.

Affirmed.