472

Argued and submitted April 9, reversed and remanded December 22, 1993,
reconsideration filed January 7 allowed by opinion February 23, 1994
See 126 Or App 495, 870 P2d 230 (1994)

STATE OF OREGON,
*Appellant,*

*v.*

MICHAEL HARRISON,
*Respondent.*

(92-1041; CA A75033 (Control))

STATE OF OREGON,
*Appellant,*

*v.*

PEGGY HARRISON,
*Respondent.*

(92-1042; CA A75034)

STATE OF OREGON,
*Appellant,*

*v.*

CHRISTOPHER CONNAWAY,
*Respondent.*

(92-1043; CA A75035)

STATE OF OREGON,
*Appellant,*

*v.*

LESLIE MOELLER,
*Respondent.*

(92-1050; CA A75036)

STATE OF OREGON,
*Appellant,*

*v.*

GARY MOELLER,
*Respondent.*

(92-1052; CA A75037)

STATE OF OREGON,
*Appellant,*

*v.*

KARLA WARN,
*Respondent.*

(92-1064; CA A75038)

STATE OF OREGON,
*Appellant,*

*v.*

GEORGE WARN,
*Respondent.*

(92-1065; CA A75039)
(Cases Consolidated)

865 P2d 482

Thomas H. Denney, Assistant Attorney General, argued the cause for appellant. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Elizabeth A. Baldwin argued the cause for respondents and filed the brief for respondents Peggy Harrison and Gary Moeller.

Stephen L. Roman and Zafiratos & Roman joined respondents Michael Harrison, Christopher Connaway, Leslie Moeller, Karla Warn and George Warn in the respondents' brief filed by Elizabeth A. Baldwin.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

In these consolidated appeals, the state challenges the trial court's dismissal of the indictments charging defendants with various drug offenses. We reverse.

Defendants were previously indicted for substantially the same crimes in 1989 and 1990. They demurred successfully to those indictments. Pursuant to ORS 135.670, the trial court's orders sustaining the demurrers provided that the "State shall have 30 days in which to resubmit or refile the Indictment[s]." The state appealed from the orders allowing the demurrers, and we affirmed. *State v. Harrison*, 105 Or App 535, 806 P2d 133 (1991); *State v. Moeller*, 105 Or App 434, 806 P2d 130, *rev dismissed* 312 Or 76, 815 P2d 701 (1991). In February, 1992, the present indictments were returned. Defendants moved to dismiss them, contending that the reindictments after the state's appeals, which were decided more than 30 days after the original demurrers were sustained, were not permissible under ORS 135.670. In the alternative, defendants argued that the orders sustaining the demurrers prescribed a 30-day period for reindictment and, independently of the statute, required the state to reindict within that period, if at all. The trial court agreed with one or both of defendants' theories and dismissed the indictments.

ORS 135.670 provides:

"(1)  If the demurrer is allowed, the judgment is final upon the accusatory instrument demurred to and is a bar to another action for the same crime unless the court, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new accusatory instrument, allows the case to be resubmitted or refiled.

"(2)  If the court allows the case to be resubmitted or refiled, it must be resubmitted or refiled by the state within 30 days from the date on which the court enters the order. If the case is not resubmitted or refiled within that time, the defendant shall be discharged from custody or the release agreement discharged or the security deposit returned as provided in ORS 135.680."

In *State v. Moline*, 104 Or App 173, 800 P2d 299 (1990), the defendant argued that that statute barred the state from reindicting him, because it did not ask the court's leave to do so until 44 days after the demurrer to an earlier indictment

had been allowed, and because the reindictment did not occur within 30 days after that ruling. We rejected the arguments that the court's leave to resubmit had to be obtained at the time that the demurrer was allowed and that the 30-day period in ORS 135.670(2) limits the time for resubmission or refiling. Rather, we held that the statute simply requires the defendant's discharge from custody or the specific actions relating to the release agreement and the security deposit, if refiling or resubmission does not occur within 30 days. However, after reviewing the legislative history, we concluded that, "if refiling does not occur within 30 days after the order allowing a demurrer, * * * further prosecution is not barred." 104 Or App at 179.

Defendants contend that *Moline* does not cover this situation, because the state appealed the orders sustaining the demurrers and did not simply allow more than 30 days to elapse after the entry of the orders. The basis for the distinction defendants make is not readily apparent. However, defendants argue that the decision whether to reindict pursuant to ORS 135.670 or to appeal the orders on the demurrers pursuant to ORS 138.060(1) is an irrevocable election that the state must make. Having appealed, defendants conclude, the state is now precluded from reindicting them.

In *State v. Robertson*, 293 Or 402, 404-07, 679 P2d 569 (1982), the court described the sequence of legislation that led to the present version of ORS 138.060(1), under which the state may appeal from an "order made prior to trial dismissing or setting aside the accusatory instrument." The court concluded that the legislative objective in amending that statute in 1971 and 1973 was "to broaden the state's ability to appeal judgments that invalidate accusatory instruments" and to change the previous law under which the state's appeals after demurrers had been sustained could proceed only if a final trial court judgment for the defendant had resulted. The principal Oregon case authority on which defendants rely predates the statutory changes that were discussed in *Robertson*.

Given the present legislative provision that enables the state to appeal at an interlocutory stage, there is little to support defendants' theory that whether a reindictment under ORS 135.670 is permissible more than 30 days after

the sustaining of a demurrer depends on whether the state has appealed, or their theory that the appeal constitutes an election not to reindict after its unsuccessful conclusion. The history of the state appeal statutes supports the opposite conclusion. Although the passage of time that the appeal consumes could have collateral consequences on the availability of further proceedings, *e.g.*, the passage of limitation periods, we discern nothing in the statutes or defendants' argument to persuade us that reindictment under ORS 135.670 is *per se* barred by an appeal, when the 30-day period is not such a bar in cases where the state has not appealed. The development of the appeal statutes, as described in *Robertson*, appears to have been aimed at giving the state options, rather than requiring it to make elections and, all other things being equal, to leave the state in the same position after an unsuccessful appeal as it would have been in if it had not appealed.

In these cases, defendants identify no special circumstances that would take them outside the usual rule. The present appeal statute, as construed in *Robertson*, and ORS 135.670, as construed in *Moline*, pose no bar to the recharging of defendants, either after the state's appeals were adversely decided or more than 30 days after their demurrers to the original indictments were sustained.

Defendants also contend that, even if the statutes themselves do not bar their reindictment, the orders allowing the original demurrers have that effect, because the court gave the state only 30 days within which to refile or resubmit. Defendants hypothesize that, either by their intrinsic effect or as an exercise of the court's inherent powers, the orders could, and did, establish a 30-day limit on reindictment, whether or not the statute does. The problem with that argument is that the orders say nothing different, in substance, from what the statute says, and *State v. Moline, supra*, is contrary to defendants' reading of both.[1] Assuming, for the sake of discussion, that the court has inherent authority to vary the statutory terms governing recharging procedures, we agree with the state that nothing in the record lends support to defendants' understanding that the court

---

[1] The orders were entered before we decided *Moline*.

exercised that authority in the orders sustaining the demurrers.

We have considered and reject defendants' other arguments without discussion.

Reversed and remanded.