On respondent's motion for reconsideration filed January 7, reconsideration allowed; opinion (125 Or App 472, 865 P2d 482) modified and adhered to as modified February 23, petition for review denied May 24, 1994 (319 Or 149)

STATE OF OREGON,
*Appellant,*

*v.*

MICHAEL HARRISON,
*Respondent.*

(92-1041; CA A75033 (Control))

STATE OF OREGON,
*Appellant,*

*v.*

PEGGY HARRISON,
*Respondent.*

(92-1042; CA A75034)

STATE OF OREGON,
*Appellant,*

*v.*

CHRISTOPHER CONNAWAY,
*Respondent.*

(92-1043; CA A75035)

STATE OF OREGON,
*Appellant,*

*v.*

LESLIE MOELLER,
*Respondent.*

(92-1050; CA A75036)

STATE OF OREGON,
*Appellant,*

*v.*

GARY MOELLER,
*Respondent.*

(92-1052; CA A75037)

STATE OF OREGON,
*Appellant,*

*v.*

KARLA WARN,
*Respondent.*

(92-1064; CA A75038)

STATE OF OREGON,
*Appellant,*

*v.*

GEORGE WARN,
*Respondent.*

(92-1065; CA A75039)
(Cases Consolidated)

870 P2d 230

Elizabeth A. Baldwin for motion for respondents Peggy Harrison and Gary Moeller.

Stephen L. Roman and Zafiratos & Roman for motion for respondents Michael Harrison, Christopher Connaway, Leslie Moeller, Karla Warn and George Warn.

No appearance *contra.*

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendants move for reconsideration of our decision, in which we reversed the trial court's dismissal of defendants' indictments for drug offenses. *State v. Harrison*, 125 Or App 472, 865 P2d 482 (1993). We allow the motion, modify our opinion and adhere to it as modified.

Defendants argued that the state was barred from reindicting them under ORS 135.670 after its unsuccessful appeal from the orders sustaining defendant's demurrers to earlier indictments for the same offenses. In our opinion, we first reiterated our holding in *State v. Moline*, 104 Or App 173, 800 P2d 299 (1990), that the 30-day period mentioned in ORS 135.670 is not a limit on the time within which the state may reindict after a demurrer to a previous indictment was sustained. Defendants argued, however, that the state's decision to appeal from the sustaining of a demurrer constitutes an irrevocable election not to reindict in the event of an affirmance, even though a reindictment would be permissible had the state not appealed. As part of our analysis leading to the rejection of that argument, we said:

"In *State v. Robertson*, 293 Or 402, 404-07, 679 P2d 569 (1982), the court described the sequence of legislation that led to the present version of ORS 138.060(1), under which the state may appeal from an 'order made prior to trial dismissing or setting aside the accusatory instrument.' The court concluded that the legislative objective in amending that statute in 1971 and 1973 was 'to broaden the state's ability to appeal *judgments* that invalidate accusatory instruments' and to change the previous law under which the state's appeals after demurrers had been sustained could proceed only if a final trial court judgment for the defendant had resulted. The principal Oregon case authority on which defendants rely predates the statutory changes that were discussed in *Robertson*.

"Given the present legislative provision that enables the state to appeal at an interlocutory stage, there is little to support defendants' theory that whether a reindictment under ORS 135.670 is permissible more than 30 days after the sustaining of a demurrer depends on whether the state has appealed, or their theory that the appeal constitutes an election not to reindict after its unsuccessful conclusion. The history of the state appeal statutes supports the opposite conclusion. Although the passage of time that the appeal

consumes could have collateral consequences on the availability of further proceedings, *e.g.*, the passage of limitation periods, we discern nothing in the statutes or defendants' argument to persuade us that reindictment under ORS 135.670 is *per se* barred by an appeal, when the 30-day period is not such a bar in cases where the state has not appealed. The development of the appeal statutes, as described in *Robertson*, appears to have been aimed at giving the state options, rather than requiring it to make elections and, all other things being equal, to leave the state in the same position after an unsuccessful appeal as it would have been in if it had not appealed." 125 Or App at 476-77. (Emphasis supplied.)

In their motion for reconsideration, defendants argue, correctly, that the quotation from *Robertson* in that passage is not correct, in that the court there used the word "orders" instead of the word "judgments" where we have emphasized it above.[1] We agree and modify our opinion accordingly. Defendants maintain that that modification benefits their position. We do not discern how. The corrected quotation from *Robertson*, together with its context, reads:

"[B]ecause the purpose of the amendments was to broaden the state's ability to appeal *orders* that invalidate accusatory instruments, the court may take jurisdiction of such appeals from *'orders'* sustaining demurrers *whether or not they are identified as judgments*, as prescribed in ORS 135.660." 293 Or at 407. (Emphasis supplied.)

The corrected quotation is, if anything, more consistent with the analysis in our earlier opinion than the incorrect quotation was, and our reasoning was not influenced by our scrivener's error.

We have considered the other contentions in the motion and reject them without discussion.

Reconsideration allowed; opinion modified and adhered to as modified.

---

[1] Defendants do not identify precisely where the error appears. We have located it at the indicated place.